Edgar HALL, Jr., et al., Appellants,

v.

FORD MOTOR COMPANY, Appellee.

No. 1294.

Court of Civil Appeals of Texas, Corpus Christi.

May 4, 1978.

Rehearing Denied May 24, 1978.

Bill Blackburn, Corpus Christi, for appellants.

Lawrence M. Ludka, M. W. Meredith, Jr., Meredith & Donnell, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a venue case which involves subdivision 31 of Article 1995, Tex.Rev.Civ.Stat. Ann. (Supp.1978). Plaintiffs, Edgar and Carol Hall, individually and on behalf of their minor children, brought suit in Nueces County against defendant Ford Motor Company for damages and personal injuries plaintiffs allegedly suffered as a result of a motor vehicle accident. Defendant Ford Motor Company filed a plea of privilege alleging venue to be maintainable only in Dallas County, the county of its corporate residence. Plaintiffs controverted Ford's plea of privilege on the basis that venue was maintainable in Nueces County under subdivision 31 of the venue statute. The case was submitted on an agreed statement of the case. The trial court sustained Ford's plea of privilege and ordered the case transferred to Dallas County. Plaintiffs have perfected their appeal to this Court.

Plaintiffs relied upon the following portion of subdivision 31 to maintain venue in Nueces County:

"Suits for breach of warranty by a manufacturer of consumer goods may be brought . . . in the county where the plaintiff or plaintiffs reside."

The agreed facts upon which this case was submitted to the trial court at the venue hearing and to this Court on appeal are as follows, that: a) this is a suit for breach of warranty by a manufacturer of consumer products; b) Ford Motor Company is a manufacturer of consumer products; c) it did manufacture a consumer product, an Econoline van, in which plaintiffs were riding at the time of the accident; and d) plaintiffs are residents of Nueces County, Texas, and have been at all relevant times. It was further stipulated that plaintiffs offered no proof of their cause of action against Ford, and Ford did not stipulate facts that were sufficient to prove a claim for breach of warranty by a manufacturer of consumer products. Based upon these agreed facts, the trial court sustained Ford's plea of privilege because the plaintiffs failed to establish a cause of action against Ford for breach of warranty. Neither party questions the sufficiency of any of the pleadings.

The only question presented on appeal is whether or not, in addition to these stipulated facts, the plaintiffs were required to prove, by a preponderance of the evidence, the existence of a valid cause of action against Ford for breach of warranty.

It is the general rule that a defendant who is an inhabitant of this state shall be sued in the county of his domicile except in specific enumerated exceptions. When a defendant has challenged venue by filing a proper plea of privilege, the plain-

tiff then has the burden to plead and prove the facts relied upon to bring his case within one of the specific exceptions. *Burtis v. Butler Bros.,* 148 Tex. 543, 226 S.W.2d 825, 828 (1950), and authorities cited therein. If a plaintiff relies upon a specific enumerated exception contained in Article 1995 after the defendant has asserted his privilege, the plaintiff must allege and prove those venue facts which are stated in the particular exception relied upon by the plaintiff. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91, 93 (1935). Accord, *Employers Casualty Company v. Clark,* 491 S.W.2d 661 (Tex. Sup.1973); *General Motors Acceptance Corporation v. Howard,* 487 S.W.2d 708 (Tex. Sup.1972); *Burtis v. Butler Bros.,* supra; *City of Mineral Wells v. McDonald,* 141 Tex. 113, 170 S.W.2d 466 (1943); *Stockyards Nat. Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936).

▆ The express language in exception 31 of Article 1995 relied upon by plaintiffs requires the plaintiff to allege and prove venue facts: 1) that the plaintiff's suit is one for breach of warranty; 2) that the defendant is a manufacturer of the product in question; 3) that the product in question is consumer goods; and 4) that the suit is brought in the county where the plaintiff(s) resides. The Court can look to the pleadings to determine whether the nature and character of the suit is one for breach of warranty. The remaining venue facts must be established by proper extrinsic evidence by the plaintiff. *Maintenance & Equipment Contractors v. John Deere Company,* 554 S.W.2d 28, 31 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd).

In the case before us the parties have established all of the essential venue facts required under this provision of subdivision 31 by stipulation.

The defendant contends that, notwithstanding the express language contained in this portion of subdivision 31, the appellate courts, when considering analogous subdivisions, have engrafted the further requirement that plaintiff must plead and *prove* a cause of action when these other subdivisions by their express terms do not require such proof. We do not agree.

A careful analysis of the language of each subdivision cited by the defendant in conjunction with the Supreme Court's interpretations of that subdivision will reveal that our highest Court has adhered to the express language of each subdivision in question for the necessary venue facts. For example, in *Employers Casualty Company v. Clark,* 491 S.W.2d 661 (Tex.Sup.1973), a case involving subdivision 23 and relied upon by the defendant, the Court held that the plaintiff must prove, in addition to other venue facts, a cause of action against the defendant. This is so, because when the plaintiff invokes that portion of subdivision 23 which provides that suits against a corporation may be brought in the county in which the plaintiff resides, the statute permits such a suit when it is brought ". . . *at the time the cause of action or part thereof arose, provided* such corporation, association or company has an agency or representative in the county." (Emphasis added). In reaching this conclusion, the Supreme Court adopted the following reasoning contained in *Victoria Bank & Trust Co. v. Monteith,* 138 Tex. 216, 158 S.W.2d 63, 67 (1941).

". . . A cause of action does not accrue or arise unless there is a cause of action. To prove that a cause of action has arisen in his favor a plaintiff must prove that he in fact has a cause of action . . ."

This general analysis seems to apply also to the particular venue exceptions which allow venue to be maintained in a county in which the cause of action arose or particular conduct occurred (e. g., slander, fraud, negligence, trespass). The cause of action or the legal elements defining the conduct thus become venue facts which plaintiff must plead and prove. See e. g., *Coalson v. Holmes,* 111 Tex. 502, 240 S.W. 896, 898 (1922) (Subdivision 7); *Spoon v. Penix,* 422 S.W.2d 167, 168 (Tex.Sup.1967) (Subdivision 9a); *Compton v. Elliott,* supra at 94 (Subdivision 9); *Victoria Bank & Trust Co. v. Monteith,* supra (Subdivision 23); *Flowers v. Dempsey-Tegeler & Co., Inc.,* 472 S.W.2d

112, 114, 116 (Tex.Sup.1971) (Subdivision 30).

The only exception to the above mentioned general analysis we could find relates to subdivision 4.[1] Under this subdivision a plaintiff is required to prove the allegations of his petition to the extent of showing a cause of action against the resident defendant even though this subdivision does not expressly refer to a "cause of action". This additional requirement was adopted for policy reasons because the plaintiff is relying upon the existence of a cause of action against the resident defendant as the sole basis for maintaining his suit against the nonresident defendant, and being in possession of superior knowledge concerning his cause of action against the resident defendant, should be required to make proof of such cause of action. See *Richardson v. D. S. Cage Company*, 113 Tex. 152, 252 S.W. 747, 749 (Tex.Comm'n App.1923, opinion adopted). As to the nonresident defendant, proof of a cause of action is not required. *Stockyards Nat. Bank v. Maples*, supra, at 1303–04.

In our case the express language used by our legislature concerning the venue exception upon which plaintiff relies does not require extrinsic proof of a cause of action against the defendant. There are no policy reasons existing which we are aware of that would warrant adopting any additional requirement.

The judgment of the trial court sustaining defendant Ford's plea of privilege to be sued in Dallas County is therefore reversed and this cause is remanded to the District Court in Nueces County for a trial on the merits.

REVERSED AND REMANDED.

---

1. Subdivision 4 provides in relevant part "No. 4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."