**GORMAN–RUPP CORPORATION,**
**Appellant,**

v.

**James KIRK, Sr., Appellee.**

**No. 17513.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 14, 1980.

Rehearing Granted Feb. 14, 1980.

Rehearing Denied April 10, 1980.

Fulbright & Jaworski, Edward Blizzard, Houston, for appellant.

Waldman & Smallwood, Richard Mintz, Houston, for appellee.

## ON MOTION FOR REHEARING

WARREN, Justice.

Appellant's motion for rehearing is granted. Our earlier opinion is withdrawn and is replaced by this opinion.

This is an appeal from an order overruling a plea of privilege. The primary issue for determination is whether an industrial sewage pump is a "consumer good" under subdivision 31, Article 1995, V.A.C.S.

Appellee sued appellant for injuries he received when a sewage pump owned by his employer, the City of Houston, and manufactured by appellant ignited. Appellee's petition alleged negligent design and manufacture of the pump, breach of warranty, and *res ipsa loquitur*. In the controverting affidavit to the appellant's plea of privilege, appellee alleged that subdivisions 9a, 23, 27 and 31 of Article 1995 would each entitle him to maintain venue in Harris county.

At trial, the only proof offered was the testimony of appellee. He did not testify regarding an agent or representative of appellant's being located in Harris county, nor to any facts which would entitle him to maintain venue under subdivisions 23 or 27.

■ No proof was offered as to any negligent acts of appellant. To maintain venue under subdivision 9a, Article 1995, a plaintiff must prove the act of negligence was that of the defendant, his agent or servant and that the negligence was a proximate cause of plaintiff's injuries. Since the plaintiff did not prove negligence, he cannot maintain venue under 9a.

■ Appellee contends that although no cause of action was proved in the trial court, his pleadings would constitute sufficient proof to make out a cause of action in strict liability, therefore he is entitled to maintain venue under subdivision 9a. We disagree.

In order for appellee to show a cause of action under 9a by reason of the allegedly defective valve, whether on the basis of warranty, negligence or strict liability, it is necessary for him to establish by sufficient evidence that the valve was defective at the time of delivery and that the defective condition was a proximate cause of his injuries. *Pioneer Hi-Bred International, Inc. v. Talley*, 493 S.W.2d 602 (Tex.Civ.App.-Amarillo 1973, no writ); *Wire Rope Corporation of American, Inc. v. Barner*, 446 S.W.2d 361 (Tex.Civ.App.-Tyler 1969, no writ). The evidence is legally insufficient to maintain venue under 9a.

■ In order to maintain venue under subdivision 31, Article 1995, a plaintiff must prove that (1) the suit is one for breach of warranty, (2) the defendant is the manufacturer of the product in question, (3) the product in question is a "consumer good," and (4) the suit is brought in the county where the plaintiff resides. The court can look to the pleadings to determine whether the suit is one for breach of warranty. The plaintiff must establish the remaining venue facts by proper extrinsic evidence. *Truckers' Equipment, Inc. v. Sandoval*, 569 S.W.2d 518 (Tex.Civ.App.-Corpus Christi 1978, no writ).

■ Appellant concedes that venue facts (1), (2) and (4) above have been proved, but vigorously contests that the industrial water pump was a "consumer good" as contemplated by subdivision 31, Article 1995. The portion of the statute pertinent to our discussion reads as follows:

"Breach of warranty by a manufacturer. —Suits for breach of warranty by a manufacturer of consumer goods may be brought in any county where the . . plaintiff reside[s] . . . ."

Unfortunately, the statute does not define "consumer goods."

Four courts of civil appeals have been confronted with a problem similar to ours. In *Maintenance and Equipment Contractors v. John Deere Co.*, 554 S.W.2d 28 (Tex.Civ. App.-Houston [14th Dist.] 1977, writ dism'd) the court gave a broad interpretation to the

term "consumer goods" and held that a farming tractor was a "consumer good" since it was intended for agricultural use, noting that subdivision 5(b) of art. 1995 provides, in pertinent part:

"In an action founded upon a contractual obligation of the defendant to pay money arising out of or *based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use*, suit by a creditor upon or by reason of such obligation may be brought . . .." (Emphasis supplied)

*Truckers' Equipment, Inc. v. Sandoval*, 569 S.W.2d 518 (Tex.Civ.App.-Corpus Christi 1978, no writ) followed the *John Deere* case and held that a hydraulic hose and coupling on a cotton shredder were "within the category of goods used for agricultural purposes" and thus were "consumer goods" within the contemplation of subdivision 31.

In *L&M-Surco Manufacturing, Inc. v. Winn Tile Company*, 580 S.W.2d 920 (Tex. Civ.App.-Tyler 1979, writ dism'd) the court held that mortar and grout compounds purchased by an installer of swimming pools were not "consumer goods."

*Chavez v. Murrel's Welding Works*, 585 S.W.2d 787 (Tex.Civ.App.-San Antonio 1979, no writ) held that a "hot oil truck" was not a consumer good.

None of the cases has formulated a definition of "consumer goods." Each discusses the definitions found in Section 9.109, Tex.Bus & Comm.Code Ann. (1968), Section 17.41, Tex.Bus.Comm.Code, and subdivision 5(b), Article 1995.

We are of the opinion that the rule requiring the venue statute to be strictly construed in favor of the defendant compels us to adopt a more narrow construction of consumer goods as found in subdivision 31 than those given to it in *John Deere* and *Sandoval*. In any event, the industrial water pump in our case was not intended primarily for an agricultural use.

The only definition of "consumer goods" found in the statutes is that set out in Section 9.109(1), Tex.Bus.& Comm.Code, which defines consumer goods as those goods used or bought for use primarily for personal, family or household use. It is reasonable to assume that the legislature was aware of this definition and intended that it apply to Subdivision 31.

We hold that the industrial water pump giving rise to this suit is not a consumer good as contemplated by subdivision 31 since it was not used or bought primarily for personal, family or household purposes.

The judgment is reversed and it its ordered that the cause be transferred to Collin County, the domicile of the defendant.

PEDEN and EVANS, JJ., also sitting.