**Eugene SCHWERTNER et al., Appellants,**

v.

**NALCO CHEMICAL COMPANY et al., Appellees.**

No. 1415.

Court of Civil Appeals of Texas, Tyler.

March 12, 1981.

Rehearing Denied April 23, 1981 with opinion.

Second Rehearing Denied May 21, 1981.

Samuel McDaniel, Austin, Chester G. Ball, Arlington, Joe E. Griffith, Crockett, for appellants.

Philip Treacy, Wilson & Grosenheider, George B. Butts, Brown, Maroney, Rose, Baker & Barber, Austin, for appellees.

## ON MOTION FOR REHEARING

McKAY, Justice.

Appellees' motions for rehearing are granted. The opinion of this court dated January 29, 1981, is withdrawn and the following opinion is substituted therefore.

This is a venue case in which the trial court granted the pleas of privilege filed by third party defendants, Nalco Chemical Co. (Nalco) and Velsicol Chemical Co. (Velsicol), filed in response to the third party plaintiffs' petition of Schwertner and Scoggins, appellants here, filed in Travis County.

It was alleged in the main suit that appellants, Schwertner and Scoggins, aerially sprayed a ranch in Anderson County which resulted in damage to cotton crops in Navarro County. Schwertner is a resident of Travis County and Scoggins is a resident of Nacogdoches County.

Appellants have brought this third party suit against Nalco, Velsicol and Platte Chemical Co. (Platte). Platte has not appealed. Nalco is a resident of Delaware with a permit to do business in Texas with an agent for service in Fort Bend County to which Nalco sought transfer. Velsicol asked that the cause against it be transferred to Dallas County where it had an agent for service of citation. The trial court so ordered for both Nalco and Velsicol.

It was alleged that the chemical spray used by appellants in spraying the ranch in Anderson County was manufactured by Nalco, Velsicol and Platte. This third party

suit was for breach of warranty by the manufacturers of the products.

Appellants submit that venue is maintainable in Travis County under Art. 1995 [1], subdivision 31, which reads:

"Suits for breach of warranty by a manufacturer of consumer goods may be brought in any county where the cause of action or a part thereof accrued, or in any county where such manufacturer may have an agency or representative, or in the county in which the principal office of such company may be situated, or in the county where the plaintiff or plaintiffs reside."

■ One who relies upon subdivision 31 is required to allege and prove (1) that the plaintiffs' suit is for breach of warranty; (2) that the defendant is a manufacturer of the product in question; (3) that the product is consumer goods; and (4) that the suit is brought in the county where the plaintiff(s) resides. The pleadings will demonstrate whether the suit is for breach of warranty, but the other remaining facts must be proved by plaintiff by proper extrinsic evidence. *L & M-Surco. Mfg. Inc. v. Winn Tile Co.*, 580 S.W.2d 920, 925 (Tex.Civ. App.-Tyler 1979, writ dism'd); *Truckers Equipment, Inc. v. Sandoval*, 569 S.W.2d 518, 522, no writ); *Hall v. Ford Motor Co.*, 565 S.W.2d 592, 594 (Tex.Civ.App.-Corpus Christi 1978, no writ); *Maintenance & Equipment Contractors v. John Deere Co.*, 554 S.W.2d 28, 32 (Tex.Civ.App.-Houston [14th Dist.] 1977, writ dism'd).

The pleadings demonstrate this third party action is a suit for breach of warranty. It is undisputed in the record that Nalco manufactured the "no-drift" additive Nalco-trol, and that Velsicol manufactured the chemical herbicide Banvel. The other third party defendant, Platte, manufactured or formulated a herbicide product called 2, 4–D Amine, but Platte did not appeal and therefore is not before us here. One of the third party plaintiffs is a resident of Travis County.

1. References are to Articles of Tex.Rev.Civil Stat.Ann. unless otherwise indicated.

Three of the four requirements under subdivision 31 are thus alleged or proved. The remaining question is whether the products are consumer goods.

§ 17.45, Business and Commerce Code (U.C.C.) defines "goods" as "tangible chattels or real property purchased or leased for use," and defines "consumer" as "an individual, partnership, corporation, or government entity who seeks or acquires by purchase or lease, any goods or services." However, § 9.109, U.C.C., describes goods as " '*consumer goods*' if they are used or bought for use primarily for *personal, family* or *household purposes*." (Emphasis added). Goods used for agricultural purposes have been added to those enumerated in § 9.109 in subdivision 31 cases. *Truckers' Equipment, Inc. v. Sandoval*, supra; *Maintenance & Equipment Contractors v. John Deere Co.*, supra.

Nalco and Velsicol argue that appellants have not proved that their products involved here were consumer goods, and Velsicol says that because subdivision 31 is a relatively recent addition (1973) to the venue statute, there are few cases by various courts of civil appeals in which the courts attempted to come to grips with what the Legislature meant by the term "consumer goods."

The *John Deere* case, supra, *Beef Cattle Co. v. N. K. Parrish, Inc.*, 553 S.W.2d 220 (Tex.Civ.App.-Amarillo 1977, no writ), and *Trucker's Equipment, Inc. v. Sandoval*, supra, all hold various products to be consumer goods, to-wit: a tractor, cattle feed, and a hydraulic hose and coupling. All three involve products used for agricultural purposes, and *John Deere* apparently refers to § 5(b) of 1995 where the language "personal, family, household or agricultural use" is found.

■ We conclude that the products manufactured by Nalco and Velsicol involved there are *not* consumer goods. § 9.109 provides goods are "consumer goods" if they are either used or purchased for *personal family* or *household purposes*, while Art.

1995, § 5(b), upon which apparently the *John Deere* case and *Truckers' Equipment, Inc. v. Sandoval* are based, is not applicable to our factual situation in that it refers to and is intended to apply to contractual obligations to pay money. We disagree with and decline to follow the John Deere and Sandoval cases wherein they hold that a breach of warranty case under § 31 may include agricultural use or purposes. The legislature did not see fit to add "agricultural" to its definition of consumer goods in § 9.109, and we are not inclined to take judicial license to do so. *Gorman-Rupp Corporation v. Kirk*, 601 S.W.2d 49, 51 (Tex.Civ. App.-Houston [1st Dist.] 1980, no writ). We hold that an agricultural use product is not a consumer good under subdivision 31 of Art. 1995.

■ We confirm our holdings in *L & M-Surco v. Winn Tile Co.*, supra, that venue may not be sustained by implication, that a defendant's right to be sued in the county of his residence is a valuable right, a right of which he may not be lightly deprived, and the exceptions to the right should be strictly construed. As pointed out in § 2.103(c), the definition of consumer goods is found in § 9.109.

Since the evidence here demonstrates that the herbicide Banvel manufactured by Velsicol, the "no drift" additive Nalco-trol, and the herbicide 2, 4–D Amine were mixed and sprayed on ranch or pasture land—an agricultural use or purpose—we hold that the trial court was correct in granting the pleas of privilege filed by Nalco and Velsicol.

Appellees' motions for rehearing are granted; judgment of the trial court is affirmed.

## ON APPELLANTS' MOTION FOR REHEARING

Appellants assert in their motion for rehearing that we failed to address their point two wherein they contend that venue was proper in Travis County as to each appellee under subdivisions 3 and 29a of Art. 1995.

Subdivision 3 provides:

If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides.

Subdivision 29a provides:

Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

■ Defendant Platte Chemical Company is a non-resident defendant, with no agent for service in Texas, and it has not appealed. Appellants contend that since they could maintain venue against Platte in Travis County, they could also maintain venue in Travis County against Nalco and Velsicol under 29a. We disagree. The rule is that a party is a necessary party under 29a only if complete relief cannot be obtained without the joinder of such party. Tex. R.Civ.P. 39; *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758, 764 (1956); *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 775 (1944); 1 McDonald, Texas Civil Practice, § 4.36.

■ Applying the above rule, Nalco and Velsicol would be necessary parties here only if appellants cannot obtain complete relief from Platte. While the pleadings of appellants against Nalco, Velsicol and Platte in their petition are not in the record, we assume from the record they were sued as joint and several third party defendants. Joint tort-feasors are not necessary parties under 29a. *Leonard v. Abbott*, 366 S.W.2d 925, 928–9 (Tex.1963); *Moreland v. Hawley Independent School Dist.*, 140 Tex. 391, 168 S.W.2d 660, 662 (1943); *Stanley v. Savage*, 489 S.W.2d 461, 464 (Tex.Civ. App.-Corpus Christi 1972, no writ); 1 McDonald, Texas Civil Practice, § 4.36, p. 547; Guittard & Tyler, *Revision of the Texas Venue Statute: A Reform Long Overdue*, 32 Baylor L.Rev. 563 (1980) at 578.

Appellants' motion for rehearing is overruled.