**SUNSTRAND CORPORATION,**
Appellant,

v.

**ALLIED TANKS SERVICE, INC., et al., Appellees.**

**TRUCKS OF TEXAS, INC., Appellant,**

v.

**ALLIED TANKS SERVICE, INC., et al., Appellees.**

Nos. 16879, 16883.

Court of Appeals of Texas,
San Antonio.

April 27, 1983.

Rehearing Denied June 6, 1983.

Thomas Crofts and Ann Livingston, Groce, Locke & Hebdon, San Antonio, for appellant.

Pat Maloney, Jr., Jim Perkins, Law Offices of J. Pat Maloney, San Antonio, David C. DuBose, Houston, D. Hull Youngblood, San Antonio, for appellees.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

### OPINION

CADENA, Chief Justice.

In this consolidated appeal defendants, Sunstrand Corporation (Sunstrand) and Trucks of Texas (TOT), complain of the failure of the trial court to sustain their pleas of privilege.

Plaintiff, Gordon Allen, individually and d/b/a Allied Tank Services, Inc., (Allied), sued Peterbilt Motor Company, Sunstrand and TOT for breach of warranty and deceptive trade practices in connection with the purchase by Allied of a truck which contained a Sunstrand transmission which was defective. Allied maintains and repairs water tanks and uses heavy trucks for haul-ing purposes. According to Allied, the defective transmission made the Peterbilt truck useless for hauling purposes.

Peterbilt did not file a plea of privilege. Allied, in its controverting affidavit filed in response to the pleas of privilege filed by Sunstrand and TOT, sought to maintain venue in Bexar County under subdivisions 23, 27, 29a and 31 of our general venue statute, Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982), and section 17.56 of the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. (Vernon Supp.1982).

### The Sunstrand Venue Question

1. *Venue under Subdivision 29a.*

 Under subdivision 29a, a defendant may be sued in a county other than the county of his residence if (1) there are two or more defendants, all of whom are non-residents of the county in which suit is instituted; (2) venue is proper in the county of suit as to at least one defendant under another subdivision of art. 1995; and (3) the defendant asserting his privilege is a necessary party to the suit. A necessary party, under 29a, is one whose joinder is required in order to afford plaintiff the complete relief to which he is entitled under the facts of the case. *Loop Cold Storage Co. v. South Texas Packers, Inc.*, 491 S.W.2d 106, 108 (Tex.1973). An examination of the record reveals no evidence tending to show that plaintiff in this case could not obtain complete relief against the other two defendants, Peterbilt and TOT, without the presence of Sunstrand as a defendant in the case. It is not enough for a plaintiff to show that there is uncertainty as to the liability of Peterbilt and TOT. Plaintiff's burden was to show that the joinder of Sunstrand was required. *Loop Cold Storage Co., supra*, 491 S.W.2d at 108. The allegation by Allied that Sunstrand is liable jointly and severally with the other defendants is of no consequence. *Vahlsing, Inc., v. Esco, Ltd.*, 496 S.W.2d 652, 655 (Tex.Civ. App.—Corpus Christi 1973, writ dism'd). In fact, the presence of joint and several liability tends to show that Sunstrand is not a

necessary party, since it indicates that plaintiff can obtain full compensation for his damages from any one defendant.

 There is no evidence to support the conclusion that Sunstrand is subject to suit in Bexar County under subdivision 29a. We also hold that there is insufficient evidence to support such a conclusion. Under these circumstances, it is unnecessary for us to consider plaintiff's claim that venue was proper as to the other two defendants under other subdivisions of art. 1995, since 29a is applicable to Sunstrand only if it is a necessary party to the suit against Peterbilt and TOT. For the same reason, we need not determine whether section 17.56 of the Deceptive Trade Practices Act, either in its pre- or post-1979 version, can be used in conjunction with subdivision 29a of art. 1995.

### 2. *Venue under Subdivision 31.*

 Subdivision 31 permits a suit for breach of warranty against a manufacturer of "consumer goods" to be brought in the county where (1) the cause of action or a part thereof accrued; or (2) the principal office of the company is located; or (3) the manufacturer has an agency or representative; or (4) the plaintiff resides.

Section 31 is inapplicable because the truck in question cannot be considered a "consumer good." Plaintiffs' cause of action is based on the theory that the truck was worthless for the purpose for which it was intended to be used—hauling equipment in connection with plaintiffs' business.

Plaintiffs, relying on section 17.45 of the Deceptive Trade Practices Act, insists that the truck is a consumer good. The Act defines "consumer" as "an individual, partnership, corporation or governmental entity who seeks or acquires by purchase or lease, any goods or services," and "goods" as "tangible chattels or real property purchased or leased for use." *See* Tex.Bus. & Com.Code Ann. § 17.45(1) and (4) (Vernon Supp.1982). Plaintiffs argue that by combining these two definitions it is clear that the truck in question is a "consumer good."

Plaintiffs' theory was rejected by this court in *Chavez v. Murrel's Welding Works, Inc.,* 585 S.W.2d 787 (Tex.Civ.App.—San Antonio 1979, no writ). We there held that for the purpose of venue under subdivision 31 we must look to Tex.Bus. & Com.Code Ann. § 9.109 (Vernon Supp.1982), which defines "consumer goods" as goods used or bought for use primarily for personal, family or household purposes. The truck involved in this case was purchased primarily for use in commercial hauling activities. It cannot be classified as a "consumer good." *See Schwertner v. Nalco Chemical Co.,* 615 S.W.2d 263 (Tex.Civ.App.—Tyler 1981, no writ); *Gorman-Rupp Corp. v. Kirk,* 601 S.W.2d 49 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). *Cf. Truckers Equipment, Inc. v. Sandoval,* 569 S.W.2d 518 (Tex.Civ.App.—Corpus Christi 1978, no writ), and *Maintenance & Equipment Contractors v. John Deere Co.,* 554 S.W.2d 28 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd), holding that goods used for agricultural purposes were "consumer goods."

Plaintiffs did not establish their right to maintain venue in Bexar County against Sunstrand under subdivision 31.

### 3. *Venue Under Subdivision 23.*

Under subdivision 23, a defendant may be sued in any county where it has a principal office, or where it has a representative or agency, or where the cause of action, or any part thereof, arose.

 There is no evidence tending to show that Sunstrand has a principal office in Bexar County. Plaintiff, Allen, testified that some employees of TOT had told him that Cummins Engine, of San Antonio, "owned" Sunstrand and that Sunstrand was a division of Cummins Engine. This testimony is clearly hearsay as to Sunstrand and has no probative force. There is no other evidence tending to link Sunstrand with Bexar County.

 Plaintiffs failed to prove that any part of the cause of action arose in Bexar County. The truck was purchased in Harris

County and delivered to Allen in Harris County. Plaintiffs assert that the truck and its transmission were defective when sold. The breach of warranty, if any, therefore, occurred when the truck was sold. *Pesek v. Murrel's Welding,* 558 S.W.2d 39, 44 (Tex.Civ.App.—San Antonio 1977, writ dism'd). The fact that the transmission was replaced, and other damages occurred, in Bexar County is not sufficient to show that a part of the cause of action arose in Bexar County. *Johns-Mansville Sales Corp. v. Haden Co., Inc.,* 543 S.W.2d 415 (Tex.Civ.App.—Fort Worth 1976, writ ref'd, n.r.e.) *per curiam* 553 S.W.2d 759 (Tex.1977).

The evidence is legally and factually insufficient to sustain venue against Sunstrand in Bexar County.

### 4. *Venue Under Subdivision 27.*

 Subdivision 27 is applicable only to suits against foreign corporations. Since there is no evidence that Sunstrand is a foreign corporation, subdivision 27 is inapplicable. In view of our holding that Sunstrand is not a necessary party to the suit against Peterbilt and TOT, the fact that Peterbilt is a foreign corporation is irrelevant.

### *Trucks of Texas (TOT) Venue Question*

 The principal difference between the positions of Sunstrand and TOT is that, while plaintiffs assert that Sunstrand manufactured the transmission which was defective, TOT sold and delivered the truck in question. There is no evidence that TOT manufactured the truck or any of its component parts. Therefore, subdivision 31, which is applicable only to manufacturers, can have no application to TOT.

TOT devotes a portion of its brief to answering the contention that venue as to it is proper under subdivision 30 of art. 1995 when that subdivision is considered in conjunction with section 17.56 of the Deceptive Trade Practices Act. Subdivision 30 provides that whenever a law authorizing a particular character of action expressly prescribes venue, the suit "shall be commenced

in the county to which jurisdiction may be so expressly given." There is nothing in the record, or in plaintiffs' brief, which suggests reliance on subdivision 30.

Insofar as the discussion of the applicability of subdivisions 23, 27, and 29a are concerned, what we said in connection with Sunstrand's appeal is applicable to the appeal by TOT. The same is true of the question involving the applicability of section 17.56 of the Deceptive Trade Practices Act.

The judgment of the trial court is reversed and judgment is rendered ordering the clerk of the 131st District Court of Bexar County to transfer the suit of plaintiffs against Trucks of Texas, Inc., to the district court of Harris County, and to transfer the plaintiffs' suit against Sunstrand Corporation to the district court of Dallas County. Tex.R.Civ.P. 434 (Vernon Supp.1983).