

# NUMBER 13-22-00520-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**TEXAS TRUCK CENTERS, INC.,**                                          **Appellant,**

**v.**

**BRIAN BASS,**                                                                    **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW
## OF WALKER COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Texas Truck Centers, Inc. (Texas Truck) appeals the trial court's order

denying its motion to transfer venue in a suit filed by appellee Brian Bass. In two issues,

which we treat as one, Texas Truck argues that the trial court erred in denying its motion to transfer venue from Walker County to Brazos County. We reverse and remand.[1]

## I. BACKGROUND

According to his petition, Bass purchased six fuel injectors from Texas Truck for installation in the engine of his flatbed truck. The purchase occurred at Texas Truck's location in Brazos County. Bass brought the fuel injectors to North Texas Heavy Equipment Repair, Inc. in Walker County for installation. During installation, a mechanic discovered that the injectors were over-fueling, causing the engine's cylinders to leak. The mechanic ultimately reassembled the engine, using the same fuel injectors purchased at Texas Truck. Later, the mechanic test drove the truck for six miles, when he heard a loud "pop" from the engine. Upon inspection, the mechanic learned that one of the fuel injectors failed, which caused irreparable damage to the engine. Bass sued Texas Truck in Walker County for breach of contract and breach of the implied warranty of merchantability, alleging that Texas Truck supplied faulty fuel injectors. North Texas Heavy Equipment Repair, Inc. intervened in the suit and sued Bass for breach of contract and quantum meruit.[2]

Later, Texas Truck filed a motion to transfer venue and, subject thereto, an original answer. In its motion, Texas Truck argued that venue was not proper in Walker County because the purchase of fuel injectors occurred in Brazos County. Texas Truck maintained that the case should be transferred to Brazos County.[3] Texas Truck supported

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] North Texas Heavy Equipment Repair, Inc. is not a party to this appeal.

[3] In the trial court, Texas Truck alternatively requested transfer to Harris County, where its principal place of business is located. On appeal, it only requests transfer to Brazos County.

the motion with the affidavit of its general manager Wayne McCoy and a parts invoice documenting the purchase. Texas Truck's evidence shows that Bass paid cash for the fuel injectors at its Brazos County location.

Bass filed a response to the motion to transfer venue, arguing that a substantial part of the events underlying his claims occurred in Walker County, where the fuel injectors were installed and ultimately failed.

Texas Truck later filed an amended motion to transfer venue and a supplement thereto, specifically denying Bass's pleaded venue facts. *See Smith v. Smith*, 541 S.W.3d 251, 256–57 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("[A]n amended motion to transfer venue that is filed before the trial court rules on a timely original motion relates back to the original motion."). Texas Truck maintained that the contract's formation, performance, and alleged breach occurred in Brazos County and that no substantial part of Bass's claims occurred in Walker County.

Following a hearing, the trial court denied Texas Truck's motion to transfer venue. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003.

## II. DISCUSSION

### A. Standard of Review & Applicable Law

Venue may be proper under general, mandatory, or permissive venue rules. *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018). In general, plaintiffs are allowed to choose venue first, and the plaintiff's choice cannot be disturbed as long as suit is initially filed in a county of proper venue. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994); *Shamoun & Norman, LLP v. Yarto Int'l Grp.*, 398 S.W.3d 272, 287 (Tex. App.—Corpus Christi–Edinburg 2012, pet. dism'd).

3

Venue questions are to be decided based on the "facts existing at the time the cause of action that is the basis of the suit accrued." TEX. CIV. PRAC. & REM. CODE ANN. § 15.006. A trial court must consider all venue facts pleaded by the plaintiff as true unless they are specifically denied by an adverse party. TEX. R. CIV. P. 87(3)(a). Once an adverse party specifically denies venue facts, the plaintiff must then respond with prima facie proof of those facts. *Id.* "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id.* If the plaintiff satisfies its burden, then the trial court must maintain venue in the plaintiff's chosen county unless a mandatory venue provision applies or the defendant brings forth conclusive evidence that "destroys" the plaintiff's prima facie proof. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993); *Shamoun & Norman*, 398 S.W.3d at 288; *see* TEX. R. CIV. P. 87(3)(c). But, if the plaintiff fails to discharge its burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county. *In re Mo. Pac. Ry. Co.*, 998 S.W.2d 212, 216 (Tex. 1999); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.063(1).

"Proper venue" means: (1) the mandatory venue as provided by statute; or (2) if there is no mandatory venue, the venue provided under the general venue statute or the permissive venue provisions of subchapter C of civil practice and remedies code chapter 15. TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(b). Under the general venue statute, all lawsuits shall be brought:

> (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

*Id.* § 15.002(a).

Because this is an interlocutory appeal from a multi-plaintiff case, we review the trial court's venue ruling "based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." *Id.* § 15.003(c)(1).

## B. Analysis

Bass claims venue is proper in Walker County under the general venue statute because that is the county in which "all or a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 15.002(a)(1). Texas Truck argues that such events or omissions occurred in Brazos County where the sales transaction for the allegedly defective fuel injectors occurred and prays for transfer of the case to Brazos County.

### 1. Walker County

We first note that Texas Truck denied Bass's pleaded venue facts, thus requiring Bass to respond with prima facie proof of those facts. *See* TEX. R. CIV. P. 87(3)(a). Because Bass did not present any evidence in response to Texas Truck's motion to transfer venue, he failed to discharge this burden. *See In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 216. Despite this failure, Bass argues that venue in Walker County is appropriate due to judicial economy. We disagree.

Texas Civil Practice and Remedies Code § 15.002(b) provides that "[f]or the convenience of the parties and witnesses and in the interest of justice, a court may

5

transfer an action from a county of proper venue . . . to any other county of proper venue on motion of a defendant filed and served concurrently with or before the filing of [its] answer" provided that the trial court makes certain findings. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(b). This section only authorizes a transfer of venue for convenience upon a defendant's motion. *See id.*; *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 683 (Tex. App.—Austin 2003, no pet.). As the plaintiff in this suit against Texas Truck, Bass cannot invoke this section. *See Chiriboga*, 96 S.W.3d at 683 ("The purpose of [§] 15.002(b) is to change venue, not to serve as a basis to maintain venue in the first instance. It certainly cannot be a basis for a plaintiff to maintain an action in a county of improper venue.").

For the foregoing reasons, we conclude that Bass failed to establish proper venue in Walker County. *See Ruiz*, 868 S.W.2d at 757; *Shamoun & Norman*, 398 S.W.3d at 288. Therefore, we must determine whether Texas Truck presented prima facie evidence supporting venue in Brazos County. *See In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 216.

### 2.    Brazos County

In examining which county all or a substantial part of the events or omissions giving rise to a claim occurred, we examine the essential elements of the plaintiff's claims. *Double Diamond-Delaware, Inc. v. Alfonso*, 487 S.W.3d 265, 274 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (citing *Chiriboga*, 96 S.W.3d at 680). Bass brings claims for breach of contract and breach of the implied warranty of merchantability. An implied warranty claim sounds in contract. *See JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 705 (Tex. 2008) (explaining that a breach of implied warranty claim sounds in contract when, as here, "the damages are purely economic"); *Howard Indus., Inc. v. Crown Cork & Seal*

6

*Co.,* 403 S.W.3d 347, 352 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("[A]n implied warranty becomes part of the terms of a contract."). In venue cases concerning a contract claim, courts consider "where the contract was made, performed, and breached." *See In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d 320, 323 (Tex. 2016) (orig. proceeding) (listing cases).

Here, Texas Truck presented evidence that all events concerning the purchase of the fuel injectors occurred at Texas Truck's location in Brazos County. The invoice for the purchase shows that Bass paid cash and received the fuel injectors at this location. There is no evidence that any part of this transaction occurred in a different venue. In addition, any breach by Texas Truck occurred upon the delivery of the allegedly defective product in Brazos County. *See Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 896 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (explaining that if a seller fails to make delivery of a product, a breach of contract occurs, but if the seller makes delivery but the product is nonconforming a breach of warranty occurs); *see also Sunstrand Corp. v. Allied Tanks Serv., Inc.*, 653 S.W.2d 311, 314–15 (Tex. App.—San Antonio 1983, writ dism'd) (explaining in a breach of warranty action regarding the purchase of a truck that "the breach of warranty, if any, . . . occurred when the truck was sold").

For these reasons, we conclude that Texas Truck put forth prima facie evidence that Brazos County is a county of proper venue under Texas Civil Practice and Remedies Code § 15.002(a). Therefore, we hold that the trial court erred in denying Texas Truck's motion to transfer venue to Brazos County. We sustain Texas Truck's sole issue.

### III.  CONCLUSION

We reverse the trial court's order denying Texas Truck's motion to transfer venue and remand with instructions to transfer the case to Brazos County.

L. ARON PEÑA Jr.
Justice

Delivered and filed on the
1st day of August, 2024.