HOLCOMB v. WILLIAMS et al. (No. 8586.)

(Court of Civil Appeals of Texas. Ft. Worth. March 31, 1917.)

1. VENUE ⬥⟶5(2)—ACTION TO ENFORCE LIEN —STATUTE.

A suit upon notes given as part of the purchase money of land described and to foreclose a vendor's lien given to secure the notes is a suit merely to fix a lien on the land, and not a suit not governed by Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, providing that an inhabitant of the state shall not be sued out of the county of his domicile, except, to wit: No. 14: "Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 6.]

2. VENUE ⬥⟶26 — STATUTE — CONSTRUCTION —"PRESCRIBE"—"MAY"—"MUST."

Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, provides no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: No. 3: "Where the defendant, or all of several defendants, reside without the state, or where the residence of the defendants is unknown, in which case the suit may be brought in the county in which the plaintiff resides." No. 5: "Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile." No. 12: "Where the suit is for the foreclosure of a mortgage or other lien, in which case suit may be brought in the county in which the property subject to such lien, or a portion thereof, may be situated." Paragraph 30: "Whenever, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county in which jurisdiction may be so expressly given." In a suit brought in county of plaintiff's residence against a nonresident on purchase-money notes payable in another county and seeking to foreclose a vendor's lien against a nonresident defendant, a defendant presented a plea of privilege to be sued in the county named in the notes. *Held,* that by use of the word "prescribed" paragraph 30 applies only to the mandatory exceptions, and exceptions 3, 5, and 12 being permissive by the use of the term "may" instead of "must," plaintiff had the option under exception No. 3 to institute suit in the county of his own residence (citing Words and Phrases, Second Series, Prescribe).

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 39, 40.

For other definitions, see Words and Phrases, First and Second Series, May; Must.]

Appeal from District Court, Tarrant County; R. B. Young, Judge.

Suit by E. H. Holcomb against J. D. Williams and another. From an order sustaining a plea of privilege and changing the venue of the case, plaintiff appeals. Order set aside, and cause reversed, with directions to overrule the plea of privilege.

D. T. Bomar and Templeton & Milam, all of Ft. Worth, for appellant. Bryan, Stone & Wade, of Ft. Worth, for appellees.

CONNER, C. J. Appellant, E. H. Holcomb, instituted this suit in the district court of Tarrant county, Tex., against J. D. Williams and George Rainey, to recover upon certain promissory notes executed by Williams. As described in the petition, the notes were made payable in Tom Green county, Tex., and it was alleged that they had been given as part of the purchase money of a tract of land described in the petition, and the plaintiff sought to foreclose a vendor's lien given to secure the notes. It also appears, as alleged, that the appellant, Holcomb, at the date of the institution of the suit was resident citizen of Tarrant county, Tex., and that J. D. Williams and George Rainey were each nonresidents of the state. The plaintiff's prayer was for a recovery of the sum of money due, as evidenced by the notes, against J. D. Williams, and for a foreclosure of the said vendor's lien against the defendant George Rainey, who it was alleged claimed some interest in the land upon which the lien rested.

The defendant Williams, though duly cited, made no answer. The defendant George Rainey, however, presented a plea of privilege to be sued in Tom Green county, Tex. The plea of privilege set up the fact that the notes were made payable in Tom Green county, that the land upon which it was sought to foreclose the lien was there located, and that he (Rainey) was a resident citizen of the state of Illinois.

Upon a hearing the court sustained the plea of privilege and changed the venue of the case to Tom Green county, from which said order the plaintiff, as allowed under our statutes, has prosecuted an appeal.

As alleged in both the plaintiff's petition and in the plea of privilege, both defendants are nonresidents of the state of Texas, and the plaintiff, Holcomb, is a resident of Tarrant county, Tex. Of these facts as alleged there is no dispute, so that the question for our determination is merely whether, as a matter of law, under the allegations and undisputed facts, the appellee Rainey had the right to demand that the plaintiff's suit be instituted and tried in the proper court in Tom Green county, instead of in Tarrant county. The solution of the question depends upon the provisions of our statutes relating to the subject of venue.

Article 1830, Vernon's Sayles' Texas Civil Statutes, provides that:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit. * * * *"

---

⬥⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Thereupon some 29 exceptions to the general rule as thus stated are set forth. Evidently the general rule can have no application in this case, for by its terms it is applicable only to inhabitants of this state. Appellee, being an inhabitant of the state of Illinois, does not come within the purview of the general rule. He claims the privilege of being sued in Tom Green county, however, by virtue of several of the exceptions which follow the general rule. The exceptions relied upon are Nos. 5, 12, and 14. Exception No. 5 reads as follows:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

Exception No. 12 thus reads:

"Where the suit is for the foreclosure of a mortgage or other lien, in which case suit may be brought in the county in which the property subject to such lien, or a portion thereof, may be situated."

And in exception No. 14 it is declared:

"Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

In connection with and in aid of the exceptions just quoted, appellee urges paragraph 30 of article 1830, which is as follows:

"Whenever, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

[1] The judgment of the court below evidently rests upon appellee's contention that paragraph 30 last quoted so operates on exceptions 5 and 12 as to establish the proper venue of this suit in Tom Green county; the argument here being that exceptions 5 and 12, relating as they do to particular character of actions, rather than to the places of the residence of the persons, are in effect mandatory under the operation of paragraph 30. There is a further contention also that, inasmuch as appellee is not a party to the notes declared upon, the suit as to him involves title to land, and therefore within the purview of exception 14, above quoted, providing that such suits must be brought in the county in which the land is situated. But as to this latter contention we think it sufficient to say that this suit on the part of the plaintiff is clearly not one to recover land or damages thereto, to quiet title to land, or stay waste thereon. On the contrary, the suit as against appellant is merely to fix a lien on the land, and it has several times been decided that such suits are not governed by exception 14. See Connellee v. Eastland County, 31 S. W. 552; Branch v. Wilkens, 63 S. W. 1083; Lucas v. Patton, 49 Tex. Civ. App. 62, 107 S. W. 1143.

[2] We are of the opinion that the appellee's other contention must likewise be overruled, and that the court erred in the ruling complained of. We think, as appellant insists, that exception 3 of article 1830 conferred upon appellant, as he insists, the privilege under the circumstances alleged to institute his suit in Tarrant county, Tex., where he resided. The exception referred to is as follows:

"Where the defendant, or all of several defendants, reside without the state, or where the residence of the defendants is unknown, in which case the suit may be brought in the county in which the plaintiff resides."

It is to be noted that exceptions 5 and 12 are permissive and not mandatory in form; that is to say, if the contract in writing sued upon is to be performed in a particular county or to foreclose a lien upon land, then he "may," if he so desires, institute suit either in the particular county where the obligation is to be performed or in the county in which the land subject to the lien is situated. They are by no means mandatory. Notwithstanding these exceptions as against an inhabitant of this state, the suit in either case might be instituted by the parties in the county where the defendant resides. And these exceptions without doubt would have authorized the plaintiff to have instituted this suit in Tom Green county. But he also had the option, as we think, by virtue of exception No. 3 under the facts alleged, to institute suit in the county of his own residence, to wit, in Tarrant county. We cannot say that exceptions Nos. 5 and 12 are more imperative in form or effect than exception No. 3. Paragraph 30, stressed by appellee, cannot alter the case as we view it. By an examination of article 1830 it will be seen that the general rule is followed by some 29 exceptions, of which, as we had occasion to observe in the recent case of J. W. Mitchell, Receiver, v. Hancock, 10 are in the mandatory or imperative form and 19 are in the permissive or optional form, as may be illustrated by the exceptions already quoted; that is, from them it will be seen that exceptions 3, 5, and 12 are in the permissive form, affording options on the part of the plaintiff; while exception 14 uses the term "must" instead of "may." It is mandatory, not permissive, and it is to the mandatory exceptions, as we think, that paragraph 30 must be applied. It is to be noted that by its terms it applies to cases where the venue is "expressly prescribed." The term "prescribed," as we think, imports something beyond a mere permission, or option. To "prescribe" is, as defined by Webster, "to set or lay down authoritatively for direction or control; given as a law or direction." Another definition is "to impose as a peremptory order." See Words and Phrases, vol. 3 (2d Ser.) p. 1154.

On the whole we conclude that the court erred in entering the order to transfer the venue of this suit to Tom Green county.

The order is accordingly set aside, and the cause reversed, with direction to the trial court to overrule appellee's plea of privilege.