CONTINENTAL TRANSFER & STORAGE COMPANY, Inc., Appellant,

v.

B. F. GEE, Appellee.

No. 3208.

Court of Civil Appeals of Texas.

Eastland.

Dec. 16, 1955.

Jack Keller, Dallas, for appellant.

James Pearson, Sweetwater, for appellee.

LONG, Justice.

This is a suit by B. F. Gee against Continental Transfer & Storage Company, Inc., upon a written contract wherein the plaintiff agreed to lease to defendant certain motor transportation equipment for which defendant agreed to pay plaintiff, sixty percent of the transportation revenue earned by said equipment. Defendant filed a plea of privilege to have the suit transferred to Dallas County. Plaintiff controverted such plea and sought to hold venue in Nolan County under Subdivision 23 of Article 1995, Vernon's Annotated Civil Statutes. Upon a trial before the court without a jury, the plea of privilege was overruled. Defendant has appealed.

It is the contention of appellant in its first point that because appellee was the agent of appellant in Nolan County, subdivision 23 does not apply. We do not agree with this contention. Subdivision 23 of Article 1995, Vernon's Annotated Civil Statutes, provides in part that "Suits against a private corporation * * * may be brought in the county in which its principal office is situated; * * * or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation * * * has an agency or representative in such county * * *."

The transaction upon which the cause of action of appellee is based did not grow out of the contract of agency between the parties. We have not been cited any authority sustaining appellant's position and we have been unable to find one.

In order to maintain venue in Nolan County under Subdivision 23 it was incumbent upon appellee to allege and prove (1) that this is an action against a private corporation; (2) that appellant had an agency or representative in Nolan County; (3) that appellee resided in Nolan County at the time his cause of action arose and (4) that he had a cause of action against appellant. Golasinski v. Warren Refrigerator Co. Inc., Tex.Civ. App., 226 S.W.2d 220; Trinity Universal Insurance Company v. Wallace, Tex.Civ. App., 186 S.W.2d 86. The appellee met this burden and alleged and proved each of the above matters.

We hold that the fact that appellee was the agent of appellant in Nolan County does not preclude the application of Subdivision 23 of the venue statute. Upon the hearing of the plea of privilege it was agreed between the parties for the purpose of such hearing that the facts stated in appellee's petition and controverting affidavit were true. Appellee alleged fully all of the facts necessary to sustain venue under Subdivision 23. In this connection

he alleged that appellant had an agency or representative in Nolan County, Texas. He further alleged that B. F. Gee resided in Nolan County and was an agent of appellant in said County. It is nowhere alleged nor proved that Gee is the only representative of the company in such county. However, be that as it may, assuming that Gee was the only agent of appellant in said county, we are of the opinion this does not change the rule and the provisions of Subdivision 23 are applicable here.

Appellant contends in its second point that the trial court erred in overruling its plea of privilege because venue in this case was fixed under Subdivision 5 of Article 1995, Vernon's Annotated Revised Civil Statutes at the option of appellant. In other words, appellant contends that the written contract upon which the suit is based provides that all payments to be made thereunder are due and payable in Dallas County and that, therefore, appellee has agreed that the venue in a suit upon said contract would be in Dallas County. We do not agree with this contention. Subdivision 5 of Article 1995 provides:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

We hold that said exception 5 is permissive but not mandatory. It provides that if a written contract is to be performed in a certain county, a suit thereon may be instituted in such county. It is by no means mandatory. Holcomb v. Williams, Tex.Civ.App., 194 S.W. 631. Appellee could maintain this suit either in Dallas County under Subdivision 5 or in Nolan County under Subdivision 23.

We find no merit in any of the points presented and, the judgment of the trial court is, therefore, affirmed.