**John and Carol Ann DELAPORTE,
Appellants,**

v.

**Arthur R. CURREY, Appellee.**

**No. 5192.**

Court of Civil Appeals of Texas,
Waco.

Oct. 19, 1972.

Margolis & Staffin, Harry W. Margolis, Dallas, for appellants.

Moses & Truett, Nick Warden, McKinney, for appellee.

HALL, Justice.

This is a venue case. The facts are without dispute.

Plaintiffs, John Delaporte and wife, are residents of Collin County, Texas. De-

fendant, Arthur R. Currey, is a resident of Seminole County, Oklahoma. Plaintiffs brought this action in Dallas County, alleging that the defendant has refused to fulfill the terms of a written agreement to sell them a purebred stallion for which they have allegedly paid defendant $3,000. They seek an order requiring defendant to perform the contract.

Defendant filed a plea of privilege setting forth the fact that he is a resident of Oklahoma; and asserting "that by virture of Subd. 3 of Article 1995, Vernon's Ann.Rev.Civ.St., Plaintiffs should have properly brought this suit in the county in which they reside, and that such provision is the only exception to the general rule provided under Article 1995 requiring suit to be brought in the Defendant's domicile."

Plaintiffs duly controverted defendant's plea. After a hearing without a jury, the trial court granted the plea of privilege and ordered the cause transferred to Collin County.

The pertinent provisions of Article 1995 are as follows:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

"* * *.

"3. Non-residents; * * *. If one or all of several defendants reside without the State * * *, suit may be brought in the county in which the plaintiff resides."

Plaintiffs appeal on three points of error contending that because defendant is a nonresident he is "not entitled to the benefits" of the venue statute; and that Subd. 3 is permissive rather than mandatory, thereby giving plaintiffs the option of filing the suit in the county of their residence or elsewhere.

Article 1995, and Rule 86, Texas Rules of Civil Procedure, provide that a defendant "who is an inhabitant of this State" may, by the filing of a proper plea of privilege, (1) require that any suit against him be tried in the county of his residence unless plaintiff's case falls within one of the exceptions enumerated in Article 1995; or (2) require that the suit be tried in a county in which venue of the case is made mandatory by statute. Shell Petroleum Corporation v. Grays, 122 Tex. 491, 62 S. W.2d 113, 115 (1933); Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391, 393 (1938); Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65, 70 (1942).

Of course, the statutory privilege accorded a resident defendant by Article 1995 to be sued in the county of his domicile is not available to a nonresident defendant. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551, 554 (1946). Moreover, Subd. 3 of that statute is permissive in nature and not mandatory; and it does not require, though it does permit, a resident plaintiff's suit against a nonresident defendant to be maintained in the county of plaintiff's residence. Kountze v. Smith (Tex.Civ.App., 1936, no writ hist.) 97 S.W.2d 737, 738.

The plea of privilege should not have been granted.

The judgment of the trial court is reversed, and judgment is rendered that defendant's plea of privilege be, and it is hereby, overruled.