**LOOP COLD STORAGE COMPANY,**
**Petitioner,**

v.

**SOUTH TEXAS PACKERS, INC.,**
**Respondent.**

**No. B–3627.**

Supreme Court of Texas.

Feb. 21, 1973.

Bradford F. Miller, San Antonio, for petitioner.

Perkins, Davis, Oden & Warburton, L. H. Warburton, Jr., Clyde L. Wright, Jr., Alice, for respondent.

REAVLEY, Justice.

This is a venue case. Petitioner Loop Cold Storage Co. has been held in the county of suit (Nueces) by the lower courts as a necessary party under subdivision 29a of Art. 1995, Vernon's Ann.Civ.St. We hold that it is not a necessary party to the Nueces suit and sustain its plea to be sued at the place of its business, Bexar County.

South Texas Packers, Inc. brought this suit in Nueces County against three corporate defendants: Loop Cold Storage Co., Alford Refrigerated Warehouses, Inc., and Frozen Food Express, Inc. Each of the defendants has its principal place of business outside of Nueces County, and each of them filed a plea of privilege. The trial court overruled all pleas and the Court of Civil Appeals affirmed, one justice dissenting. 483 S.W.2d 914. Alford and Express have accepted that determination, and only Loop has pursued its complaint to this court.

The plaintiff is in the meat packing business and its suit seeks recovery of some

$5,000 in damages for the loss of 102 boxes of beef. In April of 1969 it received an order to deliver 600 boxes of frozen boneless beef to Safeway Stores in Little Rock, Arkansas. The order was filled by the plaintiff taking 472 boxes it had stored with Alford at a warehouse in Nueces County and 128 boxes it had stored with Loop at a warehouse in Bexar County. Express was the carrier, picking up the boxes from the two warehouses and transporting them to Little Rock. Safeway rejected the entire shipment because some of the meat was found not to be sufficiently frozen. The plaintiff sold most of the meat to a different buyer, but it was determined that 102 boxes of the meat were unfit because of some degree of thaw. Plaintiff's witness at the venue hearing testified that the boxes of meat are customarily numbered and dated at the time of packaging but that, in this case, he did not know which warehouse (Alford or Loop) froze and stored all or part of the 102 boxes later found to be in a state of thaw. If those boxes were identified in 1969 in Little Rock, no proof of the fact was made in this proceeding.

■ Plaintiff's position is that one or more of these three defendants is responsible for the loss of this beef and that all three should be held in one suit where plaintiff can get satisfaction. That argument appeals to our concern for the administration of justice. This is one controversy which perhaps could most fairly and expeditiously be tried as one lawsuit. But the Texas venue law does not leave our decision to considerations of better administration of justice. The statute (Art. 1995) directs that no one is to be sued out of the county of residence unless one of the statutory exceptions is met. Plaintiff's right to sue Loop in Nueces County depends upon its meeting the exception of subdivision 29a, which states:

Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Art. 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

■ We have a case where the first part of the exception is met since the suit in Nueces County is maintainable under the provisions of Art. 1995 as to both Alford and Express. The question then is whether Loop is a necessary party in that suit. To be a necessary party (per subdivision 29a) Loop's joinder in the Nueces suit must be necessary in order to afford plaintiff the complete relief to which it is entitled under the facts of the Nueces case against Alford and Express. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W. 2d 774 (1944); Shaw v. Allied Finance Co., 161 Tex. 88, 337 S.W.2d 107 (1960); Weaver v. Acme Finance Co., 407 S.W.2d 227 (Tex.Civ.App.1966, no writ). That suit is for damages to some portion of 472 boxes of meat stored by Alford and transported by Express. Loop has no relation to that matter except that other meat was frozen by Loop at its warehouse and placed in the same Express truck for transportation to the same destination. If there were any basis in these facts for the plaintiff to claim a joint liability of these parties, Loop could be retained in the Nueces suit. Commonwealth Bank & Trust Co. v. Heid Bros., Inc., 122 Tex. 56, 52 S.W.2d 74 (1932). The plaintiff did draft its petition as if there were one shipment of 600 boxes of meat for which both Alford and Loop were responsible, and plaintiff prayed for the full amount of its damages from all three defendants. However, there is no *proof* of joint responsibility, and this is a burden plaintiff had to carry in order to retain venue in Nueces County. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956). Under the *Ladner* holding the plaintiff was required to prove that no effectual decree could be rendered between plaintiff and the parties to the Nueces shipment (Alford and Express) without joining Loop. Plaintiff has pre-

sented proof that it is entitled to recover from one or more of these defendants, and it argues that separate trials increase the chances that this recovery will not be obtained. But the lack of proof of causation, and the chances of plaintiff collecting from some defendant, are not factors which affect the determination of whether Loop is a necessary party under the venue statute.

The judgment is reversed as to Loop Cold Storage Company; the cause is remanded to the trial court with instructions to sustain the plea of privilege of Loop Cold Storage Company and to transfer the cause against it to Bexar County.