W. L. SUDDERTH and W. L. Sudderth, Inc., Appellants,

v.

Kenneth W. GROSSHANS, Appellee.

No. 12917.

Court of Civil Appeals of Texas, Austin.

April 18, 1979.

**216**

Ronald S. Block, Holcomb & Norwood, Tyler, for appellants.

Tom Lear, Logan, Lear, Gossett & Harrison, San Angelo, for appellee.

SHANNON, Justice.

This is an appeal from an order overruling appellants' pleas of privilege and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 7 (1964).

Appellee Kenneth W. Grosshans sued appellants W. L. Sudderth and W. L. Sudderth, Inc., a Texas corporation, in the district court of Tom Green County for damages as a result of fraud in the sale of a water well drilling rig by appellants to appellee.

Appellee pleaded that appellants represented to him in Tom Green County that the rig had been "just overhauled" and was in "very good condition." Appellee alleged further that the representations were false in that the equipment was not in good condition. Appellee pleaded that he relied upon the representations to his damage.

Appellants filed pleas of privilege praying that the cause be transferred to Smith County, the county of their residence. Appellee filed a controverting affidavit relying primarily upon subdivision 7.

Texas Rev.Civ.Stat.Ann. art. 1995, subdivision 7, provides in part:

> "In all cases of fraud . . . suit may be brought in the county where the fraud was committed . . ."

To establish fraud it must appear: (1) that a material representation was made; (2) that the representation was false; (3) that, when the representation was made, the speaker knew it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion; (4) that the speaker made the representation with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon the representation; and (6) that the party thereby suffered injury. *Panhandle & Santa Fe Ry. Co. v. O'Neal,* 119 S.W.2d 1077 (Tex.Civ.App.1938, writ ref'd).

Appellants claim in point of error two that there is no evidence that they committed fraud in Tom Green County. In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the jury's findings and consider only the facts and circumstances which tend to support those findings. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950).

The "Bill of Sale and Contract of Delivery" of the drilling rig was signed by the parties in Tom Green County. An attachment to the bill of sale and contract described the rig as having been "just overhauled" and in "very good condition." Appellant W. L. Sudderth testified that he told appellee that the rig was in "good condition." Sudderth told appellee that the motor of the rig had not been used before appellee bought the rig. The rig broke down about two weeks after the sale. Appellee discovered at that time that ". . . the blower was completely shot; rings were all gone. The crank shaft, when they dropped the bottom pan, it was completely grooved from wear and abusiveness *[sic]* of it. I believe there was, also, one head that was gone." Appellee relied upon the representation that the rig was in good condition. Appellee would not have purchased the rig but for the representation that it was in good condition. According to Sudderth the defects in the rig were of a character that could not be detected by an external inspection. To have learned of the defects it would have been necessary to take the rig apart. Appellee testified that he was damaged $10,000 by the false representation.

Rejecting all evidence contrary to the judgment and considering only the facts and circumstances that tend to support the judgment, we are of the opinion there is some direct and circumstantial evidence that appellant W. L. Sudderth committed fraud in Tom Green County. Point of error two is overruled.

Appellee proved, conclusively, that venue was proper in Tom Green County as to appellate corporation under the basic venue rule. Tex.Rev.Civ.Stat.Ann. art. 1995 (1964). Appellee offered into evidence the corporate charter of W. L. Sudderth, Inc. Article VI of the charter provides:

## "REGISTERED OFFICE AND REGISTERED AGENT

The post office address of the corporation's initial registered office is: 101 Riverbend Drive, San Angelo, Texas, and the name of its initial registered agent at such address is W. T. Sudderth."

We judicially know that San Angelo is located in Tom Green County, Texas. Under the basic venue rule, the residence of a domestic corporation is the county where its registered office is located. *Ward v. Fairway Operating Co.,* 364 S.W.2d 194 (Tex.1963).

The judgment is affirmed.

Affirmed.