**PORTLAND SAVINGS AND LOAN ASSOCIATION, Appellant,**

v.

**BEVILL, BRESLER & SCHULMAN GOVERNMENT SECURITIES, INC., Art Frey and Edward E. Rotenberry, Appellees.**

**No. 1893.**

Court of Civil Appeals of Texas, Corpus Christi.

June 18, 1981.

Rehearing Denied July 23, 1981.

242

Joseph A. Kutch, Harris, Cook & Browning, Corpus Christi, for appellant.

Andrew Wooley, Butler, Binion, Rice, Cook & Knapp, Houston, for appellees.

## OPINION

BISSETT, Justice.

This is a venue case. The Pleas of Privilege of Defendants Bevill, Breslar & Schulman Government Securities, Inc., [hereinafter called "Bevill"], Art Frey and Edward E. Rotenberry were sustained and the cause of action was transferred to Harris County. We affirm in part and reverse and render in part.

Portland Savings & Loan Association, [hereinafter "plaintiff"], filed suit in the District Court of Nueces County, Texas, against Bevill, Frey and Rotenberry to recover damages for alleged misrepresentations of material facts occurring during the sale of certain securities. All defendants filed pleas of privilege. Bevill, a nonresident of Texas, is a New Jersey corporation, and is a broker and dealer in the business of buying and selling securities. Frey and Rotenberry are salesmen for Bevill, who reside in Houston, Texas.

Plaintiff controverted the pleas of privilege. It asserted that venue was sustainable in Nueces County, Texas, under the provisions of Subdivisions 3 and 29a of Tex. Rev.Civ.Stat.Ann. art. 1995 (1964). It further claimed that venue was maintainable in Nueces County under the provisions of Tex.Bus. & Com.Code § 17.56 (Supp.1980).

On December 12, 1980, a hearing was had on the pleas of privilege of all three defendants. The testimony adduced showed that the alleged misrepresentations of a material nature occurred in telephone conversations by defendants Frey and Rotenberry made from Harris County to San Patricio County, Texas. Plaintiff's principal place of business is located in San Patricio County; it also maintains a business office in Nueces County. Ben Eastland, the managing officer of plaintiff, testified that defendants Frey and Rotenberry had called him personally several times at his home in Nueces County in regard to the involved securities.

Bevill, in answer to requests for admissions served upon it, in effect, admitted: 1) Bevill is not licensed to do business in Texas; 2) Bevill does not have an agent for service of process in Texas; 3) Bevill is not incorporated in Texas; 4) Bevill does not have a place of business, or office, in Texas; 5) Bevill does not have a certificate of authority to transact business in Texas; 6) Bevill is not registered as a dealer with the Texas Securities Commission; and 7) Bevill is not a resident of Texas.

At the conclusion of the hearing, the trial court sustained the pleas of privilege of all three defendants and transferred the cause to the District Court of Harris County, Texas. Plaintiff has appealed.

Findings of fact and conclusions of law were not requested or filed in this case. The trial court's judgment sustaining the pleas of privilege should therefore be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex. 1962); *Rouse v. Shell Oil Co.*, 577 S.W.2d 787, 789 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd).

Plaintiff first contends that the trial court erred in sustaining Bevill's plea of privilege because: 1) Bevill, a foreign corporation, is not a resident of Texas and was not such a resident on the date suit was filed; 2) Bevill "has no venue rights" under Tex.Rev.Civ.Stat.Ann. art. 1995, and cannot "assert" a plea of privilege; and 3) Bevill's plea of privilege is "fatally defective in that

it does not state a county in Texas to be the county of residence of said Appellee (Bevill)." We agree.

The courts of Texas have frequently followed the rule that a nonresident defendant has no venue rights to assert under Article 1995. This rule stems from the language of Article 1995, which provides: "No person *who is an inhabitant of this State* shall be sued out of the county in which he has his domicile except in the following cases: . . ." [Emphasis added]. The rule, as stated in McDonald, provides:

". . . One having no residence in Texas, or a foreign entity without a registered office or place of business in the state, has no right to be sued in any particular county unless the venue of the action is controlled by some mandatory provision of the statute." 1 McDonald: Texas Civil Practice, sec. 4.03.2 (1981).

In *O. F. Mossberg & Sons, Inc. v. Sullivan*, 591 S.W.2d 952 (Tex.Civ.App.—Austin 1980, no writ), the plaintiff sustained an injury from a gunshot wound. Among those who were sued was the manufacturer of the firearm from which the shot was fired. The manufacturer was a foreign corporation with no agent, representative or office in the State of Texas. A special exception was filed by the plaintiff to the plea of privilege on the ground that the plea of privilege was insufficient on its face since it did not allege a place of residence in a county in Texas. The appellate court, reviewing the special exception to the plea of privilege, stated:

"[The manufacturer] was unable to state, and did not allege in its plea of privilege a county of residence, thereby failing to meet the requirement of Rule 86, Texas Rules of Civil Procedure, that 'A plea of privilege to be sued in the county of one's residence . . .' [Emphasis added]. [The manufacturer's] plea of privilege was fatally defective in having failed to meet this requirement, and due exception having been taken to the plea, the trial court was compelled to strike the plea." Id. at 956.

See also *Dealer Service Plan, Inc. v. Chabarria*, 543 S.W.2d 740 (Tex.Civ.App.—El Paso 1976, no writ); *Delaporte v. Currey*, 486 S.W.2d 114 (Tex.Civ.App.—Waco 1972, no writ); *Aviation Credit Corp. v. University Aerial Service Corp.*, 59 S.W.2d 870 (Tex.Civ.App.—Eastland 1933, writ dism'd); *Holcomb v. Williams*, 194 S.W. 631 (Tex.Civ.App.—Ft. Worth 1917, no writ).

In *Peacock v. Bradshaw*, 145 Tex. 68, 194 S.W.2d 551 (1946), the suit was for custody of child between the father, plaintiff and the maternal grandparents, defendants. The defendants were served in Maricopa County, Arizona with copies of the petition. They filed pleas of privilege asserting that they were not residents of Cherokee County, Texas, where the suit was filed, but instead, were residents of Maricopa County, Arizona. The Supreme Court held that the plea of privilege of the maternal grandparents was insufficient since they failed to allege that they were residents of any county in the State of Texas.

Bevill failed to allege a county of residence in Texas in its plea of privilege as required by Rule 86, T.R.C.P. This deficiency was timely brought to the attention of the trial court. The evidence presented at the venue hearing showed that Bevill is a New Jersey corporation, with no place of business or registered agent in Texas. Defendant Frey testified that during the tenure of his employment with Bevill as a salesman, he was "based" in Houston, Texas. This testimony is not sufficient, as argued by Bevill, to establish residence of Bevill in Harris County, Texas. For venue purposes, the residence of a corporation may be either the place designated in its charter as its principal place of business, where the principal place of business is actually located or where its registered office and agent is located. *Ward v. Fairway Operating Company*, 364 S.W.2d 194 (Tex. 1963); *Sudderth v. Grosshans*, 581 S.W.2d 215 (Tex.Civ.App.—Austin 1979, no writ); *Calborn Corp. v. Waxahachie Ind. School Dist.*, 540 S.W.2d 544 (Tex.Civ.App.—Waco 1976, no writ); *Vines v. Harry Newton, Inc.*, 445 S.W.2d 260 (Tex.Civ.App.—Houston [1st Dist.] 1969 writ dism'd).

Venue was proper against nonresident defendant Bevill in Nueces County, Texas.

■ Plaintiff also contends that it is entitled to maintain venue in Nueces County as to all defendants under Tex.Bus. & Comm. Code Ann. [hereinafter "DTPA"] § 17.46 where "the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action." That section provides that venue is proper under the DTPA "in a county in which defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar." But, in order to establish venue in Nueces County under that particular section of the DTPA, plaintiff was required to initially *allege* facts sufficient to show that it was a "consumer" of "goods" or "services" within the definitions set out in the DTPA § 17.45 (Supp. 1980–81), and to *prove* that the solicitation made the subject of the action took place in Nueces County. This, it did not do. Concerning the necessary allegations in order for the DTPA to apply, see *Farmers and Merchants State Bank of Krum v. Ferguson*, 617 S.W.2d 918 (1981); *Smith v. Baldwin*, 611 S.W.2d 611 (Tex.1980). With respect to the proof needed to maintain venue under the terms of the DTPA, see *Otto, Inc. v. Cotton Salvage & Sales, Inc.*, 609 S.W.2d 590 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd); *Frost v. Molina*, 595 S.W.2d 184 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd).

Plaintiff's pertinent allegations concerning a violation of the DTPA read:

" ... Defendants offered and sold securities to Plaintiff by means of misrepresentations and untrue statements of material fact and/or omissions to state a material fact or facts necessary in order to make statements made not misleading. . . . "

This petition alleges a claim for relief from misrepresentations occurring during the sale of *securities*. It does not allege that plaintiff is a "consumer" of "goods."

A "consumer" is one who *purchases or leases goods or services*. DTPA § 17.45(4) (1980). "Goods" are tangible chattels or real property purchased or leased for use.

DTPA § 17.45(1) (1980). As stated by Chief Justice Greenhill in *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex.1980), the definition of "goods" under the DTPA does not include "money" or any "currency of exchange that enables the holder to acquire goods." The Supreme Court looked to the Texas Business & Commerce Code as a whole to determine if "money" was a good within the meaning of DTPA. Specifically the court looked at Section 2.105, which provides, " 'goods' means all things ... which are movable at the time of identification to the contract for sale *other than* the money in which the price is to be paid, *investment securities* (Chapter 8) and thing in action." [emphasis added]. Section 9.105(a)(8) provides that " 'goods' includes all things which are movable at the time the security interest attaches or which are fixtures ... but *does not include* money, documents, instruments ..." [emphasis added]. This definition of "goods" excludes the sale of securities as a sale of "goods" under the DTPA. See also, *First State Bank, Morton v. Chesshir*, 613 S.W.2d 61 (Tex.Civ.App.—Amarillo 1981, no writ).

It is asserted by plaintiff that the language contained in Plaintiff's First Amended Original Petition is sufficiently broad to encompass a claim for relief from the sale of "services" as well as the sale of "goods." We do not agree. There are no allegations regarding "services" in the language used in the petition. Although "services" may have been a part of what defendants actually sold, the plain reading of the petition reveals that it only alleges a *claim* for relief from a *sale* of *securities*. See *Riverside Nat. Bank v. Lewis*, supra.

In regard to the proof necessary under the DTPA, the evidence adduced at the venue hearing was that the alleged misrepresentations occurred in phone calls made by defendants Frey and Rotenberry from Harris County to plaintiff's principal place of business in San Patricio County. The only contacts defendants had with Nueces County were that a couple of phone calls had been made to the home of Mr. Eastland, one of plaintiff's officers. These

phone calls apparently relayed only market information concerning the securities. Applying the appropriate standard of review, there was some evidence to support the trial court's implied finding that no solicitations were made in Nueces County. Therefore, the DTPA does not apply to the transactions made the basis of this suit insofar as venue is concerned. Merchants State Bank of *Krum v. Ferguson,* supra; *Smith v. Baldwin,* supra. The trial court properly held that plaintiff failed to prove venue under Section 17.56 of the DTPA. Plaintiff's seventh, eighth and ninth points of error are overruled.

Bevill argues that the trial court properly sustained its plea of privilege because Subdivision 30 of Article 1995 is a mandatory provision which authorized the transfer of the cause as to it to Harris County. It further argues that such a transfer is mandated by Section 17.56 of the DTPA. We disagree.

It is true that a mandatory venue provision may be urged by a nonresident to transfer venue. *O. F. Mossberg & Sons, Inc. v. Sullivan,* supra; *Kirshenbaum v. Smith,* 480 S.W.2d 500 (Tex.Civ.App.—El Paso 1972, no writ). See 1 McDonald: Texas Civil Practice, sec. 4.03.2 (1981). However, that rule does not control the disposition of the venue problem in this case. Subdivision 30 of Article 1995 is announced in mandatory terms. It provides "[W]henever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit *shall be* commenced in the county to which jurisdiction may be so expressly given." (emphasis added). But it is mandatory *only* to such other venue provisions which are given mandatory provisions of their *own.* It does not convert a merely permissive venue provision into a mandatory prescription. *Langdeau v. Burke Investment Company,* 163 Tex. 526, 358 S.W.2d 553 (1962); *Holcomb v. Williams,* supra. See also, 1 McDonald Texas Civil Practice sec. 4.37 (1981).

The original petition was filed in this case on November 21, 1979. Section 17.56 of the DTPA in effect on that date provided:

"An action brought which alleges a claim to relief under Section 17.50 . . . *may be* commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought or in the county in which the alleged act or practice occurred or in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar." [emphasis added].

The important words in Section 17.56 for the purpose of deciding whether venue is permissive or mandatory are that venue "may be commenced" in a certain county under this venue provision. Our courts have repeatedly distinguished between the mandatory language of "shall" or "must" in a venue provision and the permissive language of "may" in such provision. *Langdeau v. Burke Inv. Co.,* supra; *Bachus v. Foster,* 122 S.W.2d 1058 (Tex.1939); *DRG Financial Corp. v. Wade,* 577 S.W.2d 349 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Continental Transfer & Storage Company v. Gee,* 285 S.W.2d 892 (Tex.Civ.App.—Eastland 1955, no writ); *Lewis v. Gulf, C. & S. F. Ry. Co.,* 229 S.W.2d 395 (Tex.Civ.App.—Galveston 1950, writ dism'd). Section 17.56 of the DTPA, being expressed in the permissive "may" terms, is purely a permissive venue provision. See Bragg, Maxwell & Longley, Texas Consumer Litigation, sec. 2.18 (1978).

As a nonresident defendant, Bevill cannot use the *permissive* venue provision of Section 17.56 of the DTPA as a ground to be sued in Harris County. Therefore, since Section 17.56 of the DTPA does not itself contain any mandatory venue provisions, Subdivision 30 of Article 1995 is inapplicable.

Concerning venue as to all defendants, plaintiff further complains that the trial court erred in sustaining the pleas of privilege because each of the defendants is a necessary party to its suit, and since venue

as to the defendant Bevill is proper in Nueces County, venue as to the defendants Frey and Rotenberry is proper in Nueces County pursuant to the provisions of Subdivision 29a[1] of Tex.Rev.Civ.Stat.Ann. art. 1995 (1964). We disagree.

Plaintiff, in order to maintain venue against the defendants Frey and Rotenberry under Subdivision 29a, must allege and prove 1) the venue facts which show that the suit is maintainable where brought against at least one defendant and 2) the remaining defendants whom he seeks to hold under Subdivision 29a are necessary parties to the suit within the meaning of that Subdivision. *Loop Cold Storage Co. v. South Texas Packers, Inc.*, 491 S.W.2d 106 (Tex.1973); *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758 (1956); *Stanley v. Savage*, 489 S.W.2d 461 (Tex.Civ.App.—Corpus Christi 1972, no writ). The court in *Ladner v. Reliance Corp.*, supra, stated:

> ". . . a plaintiff who relies on Subdivision 29a to maintain venue . . . must not only allege the facts which make such defendant a necessary party to the suit within the meaning of that Subdivision, but must also prove by independent evidence all of such facts except those [a] which are taken as admitted under the pleadings or [b] which are established as a matter of law by the allegations of the petition."

See also *First City Mtg. Co. v. Gatling*, 530 S.W.2d 636 (Tex.Civ.App.—Corpus Christi 1975, writ dism'd); *Loyd W. Richardson C. C. v. Corpus Christi State Nat'l. Bank*, 513 S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, no writ).

■ In determining whether parties are necessary under Subdivision 29a, we must decide "if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties." *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 775 (1944). See also, *Shaw v. Allied Finance Company*, 337 S.W.2d 107 (Tex.1960); *Clingingsmith v. Bond*, 150 Tex. 419, 241 S.W.2d 616 (1951).

■ In the present case, plaintiff has used three tortfeasors for misrepresentations which allegedly occurred in the sale of securities. Proof offered in the plea of privilege hearing showed that the defendants Frey and Rotenberry were at all times acting as salesmen and agents of the defendant Bevill in their dealings with the plaintiff. Both the principal (Bevill) and the agents (Frey and Rotenberry) would be liable to plaintiff for any tortious acts committed during an agency relationship. *Dr. Salsbury's Laboratories v. Bell*, 386 S.W.2d 341 (Tex.Civ.App.—Dallas 1964, writ dism'd w.o.j.); *Whitson Company v. Bluff Creek Oil Company*, 278 S.W.2d 339 (Tex.Civ.App.—Ft. Worth 1955) aff'd on other grounds 293 S.W.2d 488 (Tex.1956). The plaintiff could, however, sue either the principal or agent alone and get complete relief from them individually. *Leonard v. Abbott*, 366 S.W.2d 925 (Tex.1963). See 3 Texas Jur. 3d Agency § 215 (1980).

■ The only evidence offered by the plaintiff to show the nonresidency of Bevill was the answers to requests for admission propounded to Bevill. These requests were not propounded to defendants Frey and Rotenberry, and cannot be used against them since answers to requests for admission may be used only against a party making the admissions. There was no competent evidence as far as Frey and Rotenberry were concerned which showed that Bevill was a nonresident of Texas. *Gonzales v. Blake*, 605 S.W.2d 634 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Bryant v. Kimmons*, 430 S.W.2d 73 (Tex.Civ.App.—Austin 1968, no writ); *Davis v. Coastal States Petrochemical Company*, 405 S.W.2d 854 (Tex.Civ.App.—Houston 1966, no writ).

The plaintiff in this case is able to get complete relief from defendant Bevill;

---

1. "Whenever there are two or more defendants in any suit brought in a county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

therefore, Frey and Rotenberry, the other party defendants, are not necessary parties under Subdivision 29a of Article 1995. The trial court properly transferred the cause of action against Frey and Rotenberry to their residence county, Harris County. Plaintiff's tenth point is overruled.

Since we sustain plaintiff's first, second, third and fourth points of error, there is no need to consider its fifth and sixth points wherein it asserts venue as to Bevill under Tex.Rev.Civ.Stat.Ann. Art. 1995, subd. 3 (1964). We have considered the remaining points of error; they are overruled.

Plaintiff argues that the splitting of his lawsuit into two parts would greatly hinder the administration of justice in this action. We are sympathetic to its argument, but as the Supreme Court stated in *Loop Cold Storage Co. v. South Texas Packers, Inc.*, supra, "This is one controversy which perhaps could most fairly and expeditiously be tried as one lawsuit. But the Texas venue law does not leave our decision to considerations of better administration of justice." Id. at 108.

The action against the defendant Bevill is severed from the action against the defendants Frey and Rotenberry. The portion of the trial court's judgment which sustained the pleas of privilege of the defendants Frey and Rotenberry to be sued in Harris County, Texas, is sustained. The portion of the trial court's judgment which sustained Bevill's plea of privilege and ordered the cause as to it transferred to the District Court of Harris County, Texas, is reversed, and judgment is rendered that Bevill's plea of privilege be and it is hereby overruled. The costs of this appeal are apportioned and assessed 50% to plaintiff and 50% to the defendant Bevill.

CAUSE IS SEVERED and the trial court's judgment is AFFIRMED IN PART and is REVERSED AND RENDERED IN PART.

## OPINION ON MOTION FOR REHEARING

On motion for rehearing appellee Bevill moves this Court to set aside its prior judgment and affirm that portion of the trial court's judgment which sustained its plea of privilege. Specifically, Bevill complains that we erred in holding "that venue under Section 17.56 of the Deceptive Trade Practices Act [hereinafter "DTPA"] is permissive." Bevill's argument on the mandatory/permissive nature of the DTPA merits further discussion.

Bevill contends that venue under Section 17.56 is mandatory because the DTPA creates a remedy not available to consumers at common law, and under the rule set out in *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926), any decision by the legislature as to a particular tribunal is mandatory and jurisdictional. The rule is stated:

". . . where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable."

The above rule sets out the power to be exercised by the trial courts of our state in certain special proceedings. District, county and justice courts are normally described as courts of general jurisdiction. But when these courts exercise power over a special matter conferred on them solely by statute, they are characterized as courts of limited jurisdiction and must follow strictly the exclusive and mandatory provisions of the statute's procedural requirements. 1 McDonald Texas Civil Practices sec. 1.03 (1981). Examples of these proceedings are suits to remove the disabilities of an infant, *Cunningham v. Robison*, 104 Tex. 227, 136 S.W. 441 (1911); suits to review the rules or orders of the railroad commission. *Alpha Petroleum Co. v. Terrell*, 122 Tex. 257, 59 S.W.2d 364 (Com.App.1933 opinion adopted); and suits to review an act of the water commission, *American Canal Co. of Texas v. Dow Chemical Co.*, 380 S.W.2d 662 (Tex.Civ. App.—Houston 1964, writ dism'd).

An action under the DTPA is not such a special proceeding. As stated in *Pennington v. Singleton*, 606 S.W.2d 682, 686 (Tex.

1980): "To provide individual consumers with a method and incentive to discourage deceptive trade practices, the legislature [created] a private cause of action for treble damages." The cause of action under the DTPA arises from the common law tort of misrepresentation. The legislature expanded the remedy available and discarded some of the common law elements, but the statute has its roots in the tort of misrepresentation.

In *Evans v. American Pub. Co.*, 118 Tex. 433, 16 S.W.2d 516 (Com.App.1929, opinion adopted), a claim was made on motion for rehearing that a statute governing libel suits was a special proceeding and required mandatory venue. The court stated:

> " . . . There is a well-marked line of distinction between ordinary suits or actions, which are controlled by the venue statutes, and those special proceedings authorized by statute, which do not come within that class. The latter are illustrated by condemnation proceedings, workmen's compensation claims, divorce cases, and the like. These are not ordinary suits or actions, and exist in substance and procedure only through the statute. That the statute regulates a cause of action such as libel, death action, and the like, is no reason for holding the same to be a special statutory proceeding at all. It is still a suit or action, governed by the usual court proceedings, cognizable in the ordinary courts, subject, of course, to all statutory requirements including venue."

The above quote aptly describes the situation under the DTPA. One bringing a cause of action for misrepresentation through the DTPA would have had a similar cause of action at common law absent some of the legislative refinements to make the action available to present day consumers. The DTPA is not solely a creature of statute, subject to the rules of *Mingus v. Wadley*, supra. The motion for rehearing is overruled.