**CAMPBELL & SON CONSTRUCTION CO., INC. and Lionel L. Campbell, Jr., Appellants,**

**v.**

**HOUSING AUTHORITY OF the CITY OF VICTORIA, TEXAS, Appellee.**

No. 2865cv.

Court of Appeals of Texas, Corpus Christi.

May 19, 1983.

Rehearing Denied June 16, 1983.

O.F. Jones, Victoria, Douglas M. Kennedy, Brin & Brin, Corpus Christi, Cornel Walker, Wiley, Garwood, Stolhandske & Simmons, San Antonio, for appellants.

Kenneth Sharber, San Antonio, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from the overruling of pleas of privilege of defendants Campbell & Son Construction Co., Inc. and Lionel L. Campbell, Jr., to be sued in Bell County, where their office is located rather than Victoria County, where suit was filed. The principal question in this appeal is whether appellants are necessary parties within the meaning of Tex.Rev.Civ.Stat.Ann. art. 1995 subd. 29a (Vernon 1964). We hold that they are not necessary parties and therefore reverse and order the case be transferred to Bell County.

On July 30, 1979, plaintiff-appellee, the Housing Authority for the City of Victoria (hereinafter called plaintiff) sued Bruce Campbell & Son Construction Co., Inc. of Temple, Texas (hereinafter called Bruce Campbell Inc.). Plaintiff sought damages for alleged construction defects arising out of a contract entered into between them in 1974 for renovation of some public housing in the City of Victoria in 1974–75. Plaintiff

also sued Transamerica Insurance Company who was the surety on a performance bond for the project.

Bruce Campbell Co. was a family owned corporation chartered in 1964 and engaged in general construction work. It was named for Bruce Campbell, Lionel L. Campbell Jr.'s grandfather.[1]

After suit was filed, Lionel L. Campbell Jr.'s deposition was taken and plaintiff learned that he was no longer employed by the Bruce Campbell Inc. but that he had formed his own construction business under the name of Campbell and Son Construction Co., Inc.

In February, 1981, plaintiff filed an amended petition and joined Campbell & Son Construction Co., Inc. (hereinafter called Campbell & Son, Inc.) and Lionel L. Campbell, Jr. (hereinafter called Campbell Jr.) as additional defendants. Plaintiff alleged that Campbell & Son, Inc. was incorporated by Campbell Jr. to prevent plaintiff from reaching the corporate assets of Bruce Campbell, Inc. to satisfy plaintiff's pending claims on the construction project. Plaintiff also asserted that Campbell Jr. consummated a scheme whereby Bruce Campbell, Inc. ceased doing business and was rendered a shell corporation with no assets while at the same time Campbell & Son, Inc. stepped into the shoes of Bruce Campbell, Inc. and continued the business activity previously conducted by Bruce Campbell, Inc. Therefore, plaintiff asserted a cause of action to pierce the corporate veil of Campbell & Son, Inc. thereby making it liable for the damages that plaintiff was asserting against Bruce Campbell, Inc. and further asserted a cause of action against Campbell Jr. on the basis that *both* Bruce Campbell, Inc. and Campbell & Son, Inc. were his alter egos.

Bruce Campbell, Inc. and Campbell & Son, Inc. are both Texas corporations with principal offices in Temple, Bell County, Texas. Campbell Jr. is an individual residing in Temple, Texas. Campbell & Son, Inc. and Campbell Jr. filed pleas of privilege to be sued in Bell County, Texas.

Plaintiff filed its controverting pleas to the plea of privilege asserting that venue was proper in Victoria County as to defendant Campbell & Son, Inc. under the provisions of article 1995 subds. 23 and 29a, and to Campbell Jr. under subd. 29a.

On May 17, 1982, a hearing was held on the plea of privilege. At the hearing it was stipulated by counsel for Campbell Jr. and Campbell & Son, Inc. that for the purposes of such plea of privilege hearing, plaintiff had pled and proved its cause of action against Bruce Campbell, Inc.

The evidence which was offered was testimony from oral depositions of Campbell Jr. He testified that Bruce Campbell, Inc. ceased doing work in 1977, although it was still an existing corporation in 1980. Campbell Jr. is president, shareholder and general manager of both corporations. Both corporations have identical officers, and two of the five employees of Campbell & Son, Inc. previously worked for Bruce Campbell, Inc. Campbell & Son, Inc. has its principal office and conducts its business at the same location previously used by Bruce Campbell, Inc. The business premises are owned by Campbell Jr.'s father's estate.

Campbell Jr. further testified that Campbell & Son, Inc. was formed in January of 1978 because his father died in 1977 and after this, the corporation became insolvent and it was impossible to get bonded. At the time of Campbell Sr.'s death, Bruce Campbell, Inc. owed $300,000 to Temple National Bank. This was an unsecured note but it was guaranteed by Campbell Sr. and Campbell Jr. After his father's death, Campbell Jr. started his new construction company. In 1979, Campbell Jr. paid the bank the $300,000 and the bank loaned him $200,000 which he invested into his new business. After Campbell Jr. satisfied this loan obligation to Temple National Bank, he was paid $150,000 by his father's estate for the estate's share of the $300,000 loan obligation.

Campbell Jr. owned one-half interest in a business named L.C. Trucking Company,

1. Bruce and Lionel Campbell, Sr. are deceased.

with his father's estate owning the other half interest. He purchased the estate's one-half interest in all construction equipment owned by L.C. Trucking, and made a capital contribution of such equipment with additional cash for another $70,000 contribution to Campbell & Son, Inc.

In 1977, the corporate income tax return of Bruce Campbell, Inc. reflects that the company had gross receipts in excess of 5 million, a gross profit of $193,000, total assets of almost $70,000, eleven construction jobs totalling over 5 million, insurance deposits of $24,000, and salvageable materials in excess of $35,000. In 1978, the corporate income tax return filed by Bruce Campbell, Inc. reflects that it had gross receipts of $70,000, a profit of $8,000, total assets of $160,000, no insurance deposits and no salvageable materials, and that it sold all of its equipment in January and February of 1978 for $4,000.

In 1978 the corporate income tax return filed by Campbell & Son, Inc. reflects that it had gross receipts of almost 1.7 million dollars, a gross profit of $42,000, assets of $272,000 and an ending asset balance in excess of 4 million dollars.

On January 26, 1978, Bruce Campbell, Inc. sold its interest in a construction contract for the construction of a 100 unit apartment complex to Campbell & Son, Inc. In June, 1978, Campbell & Son, Inc. entered into another construction contract for the construction of 200 unit complex for over 3 million dollars and such project was still in progress at the end of 1978. In early 1979, Campbell & Son, Inc. began construction of a 3.3 million dollar apartment complex.

Plaintiff argued that on the basis of the above facts, they were entitled to pierce the corporate veil and disregard the corporate form of Campbell & Son, Inc. and also argued that the above facts proved that Bruce Campbell, Inc. and Campbell & Son, Inc. were Campbell Jr.'s alter egos, thereby making both Campbell Jr. and Campbell & Son, Inc. liable to plaintiff for the identical

damages plaintiff was asserting against Bruce Campbell, Inc.

Following this venue hearing, the trial court severed plaintiff's claims against Campbell Jr. and Campbell & Son, Inc. and proceeded to trial on the merits of the plaintiff's claims against Bruce Campbell, Inc. and Transamerica. At the conclusion of that trial, the trial court rendered a money judgment for the plaintiff against Bruce Campbell, Inc. and Transamerica.[2] Also at the conclusion of the trial, the trial court overruled appellants' pleas of privilege, from which this appeal was perfected.

The trial court did not file findings of fact and conclusions of law and none were requested. Therefore the trial court's judgment should be affirmed if it can be upheld on any legal theory that finds support in the pleadings and in the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex. 1962); *Mobile Cty. Mut. Ins. Co. v. Jacobs,* 531 S.W.2d 436, 438 (Tex.Civ.App.—Corpus Christi 1975, no writ). In a venue case, we presume that the trial court resolved every issue of fact that had support in the evidence in appellee's favor. *James v. Drye,* 159 Tex. 321, 320 S.W.2d 319 (1959); *Loyd W. Richardson Construction Corp. v. Corpus Christi State National Bank,* 513 S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd).

On appeal, the appellants contend that the trial court erred in not sustaining their pleas of privilege to be sued in Temple County because:

1) appellants were not necessary parties to plaintiff's claims against Bruce Campbell, Inc.;

2) there was no evidence to prove a cause of action against Campbell & Son, Inc. enabling plaintiff to pierce the corporate veil of Campbell & Son, Inc.; and

3) a cause of action as to Lionel L. Campbell Jr. was not proven making him liable for the liabilities of Bruce Campbell, Inc.

Article 1995 provides in part:

2. Transamerica perfected an appeal from this judgment. This appeal is pending before this

Court in cause no. 2886cv.

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

\* \* \* \* \* \*

29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

### Subdivision 29a

As stated in 1 *R. McDonald, Texas Civil Practice,* § 4.36 (rev. 1981), four conditions must exist before subdivision 29a can apply:

1) the action must be against two or more defendants;

2) all of them must reside outside the county of suit;

3) venue must be proper as against at least one of the defendants under some exception to the general venue rule; and

4) the defendant urging his plea must be a necessary party to the claim against the defendant as to whom venue is proper.

In the case at bar, it is undisputed that the first three conditions have been met, so we focus our attention on whether appellants are necessary parties to the suit by plaintiff against Bruce Campbell, Inc.[3]

A party is "necessary" within 29a "if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly sueable in that county can be obtained only in a suit to which both defendants are parties." *Loop Cold Storage Co. v. South Texas Packers, Inc.,* 491 S.W.2d 106 (Tex.1973); *Ladner v. Reliance Corp.,* 156 Tex. 158, 293 S.W.2d 758 (Tex.1956); *Union Bus Lines v. Byrd,* 142 Tex. 257, 177 S.W.2d 774, 775 (Tex.1944); *Portland Savings and Loan Association v. Bevill,* 619 S.W.2d 241 (Tex.Civ.App.—Cor-

pus Christi 1981, no writ). Therefore, to be a necessary party, appellants' joinder in Victoria County must be necessary in order to afford plaintiff the complete relief to which it is entitled under the facts of the Victoria suit against Bruce Campbell, Inc. and Transamerica. As is readily apparent, plaintiff's claims against Bruce Campbell and Transamerica have already been reduced to a money judgment. Appellants were not necessary parties to that cause of action to afford plaintiff the full relief that they were entitled to, which was a money judgment against Bruce Campbell, Inc. and their surety, Transamerica. The fact that the judgment is on appeal by Transamerica and/or that the judgment has not been satisfied is not a factor which affects the venue determination. Furthermore, plaintiff was not a creditor of Bruce Campbell, Inc. at the time Campbell & Son, Inc. was formed so there is no basis for plaintiff's claim that Campbell & Son, Inc. was formed to prejudice or commit a fraud on creditors.

We next consider whether venue was proper in Victoria County as to Campbell & Son, Inc. under subdivision 23 of article 1995.

### Subdivision 23

This exception provides in part "suits against a . . . corporation . . . may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; . . ."

Plaintiff argues that the case at bar is on all fours with the *Tigrett v. Pointer,* 580 S.W.2d 375 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.), and that evidence proved that Campbell & Son, Inc. and Bruce Campbell, Inc. were really one entity and that this justified the trial court to pierce the corporate veil of Campbell & Son, Inc. Since it was stipulated that venue was proper in Victoria County as to Bruce Campbell, Inc., this simultaneously proved that plaintiff's cause of action as to Camp-

---

**3.** The four defendants reside outside of Victoria County and as previously noted, counsel for appellants stipulated that plaintiff had pled and

proved its cause of action against Bruce Campbell, Inc.

bell & Son, Inc. was also proper in Victoria County.

We disagree that the case is "on all fours" with *Tigrett*. In *Tigrett, supra,* the corporate form was disregarded because the president and sole stockholder of the corporation, after suit was filed, withdrew substantial assets from the corporation to repay personal advances. *Tigrett* did not make provisions for the repayment of creditors and preferred himself as a creditor to the claims of the other creditors. In our case, the fact that consideration was paid for the assets sold by Bruce Campbell, Inc. to Campbell and Son, Inc. was not disputed. Additionally, plaintiff was protected by a performance bond on the project.

 Each case involving the disregarding of the corporate entity must rest upon its own special facts. *Tigrett, supra, Rosenthal v. Leaseway of Texas, Inc.,* 544 S.W.2d 180, 182 (Tex.Civ.App.—Tyler 1976, no writ). In *Pace Corporation v. Jackson,* 155 Tex. 179, 284 S.W.2d 340, 351 (1955), the Supreme Court stated:

> "Courts will not disregard the corporation fiction and hold individual officers, directors or stockholders liable on the obligations of a corporation except where it appears that the individuals are using the corporate entity as a sham to perpetrate a fraud, to avoid personal liability, avoid the effect of a statute, or in a few other exceptional situations."

In our case, there is no evidence that plaintiff has suffered an injustice or that Campbell & Son, Inc. was formed to perpetuate a fraud on plaintiff so as to justify the drastic measure of disregarding the corporate form. *Wolf v. Little John Corp. of Liberia,* 585 S.W.2d 774 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). For the purpose of venue only, we hold that the evidence is insufficient to justify such an action. The judgment of the trial court is reversed and a judgment is rendered that the plea of privilege of Campbell & Son Construction Co., Inc. and Lionel L. Campbell, Jr. are sustained and the cause against them is transferred to Bell County, Texas.