**Affirmed; Opinion Filed February 26, 2018.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-16-00841-CV

**GUDAYE GOBEZIE, Appellant**
**V.**
**SANDRA CASTILLO AND JORGO VALERIANO, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-03934**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Evans

Gudaye Gobezie appeals from an adverse judgment after a trial before the court on claims brought by Sandra Castillo and Jorgo Valeriano arising out of their car purchase from Prolife Auto Garland. Gobezie generally challenges the legal and factual sufficiency of the evidence supporting the judgment against her as well as the trial court's award of attorney's fees. We affirm the trial court's judgment.

### BACKGROUND

In December 2014, appellees Sandra Castillo and her husband Jorgo Valeriano traveled from Oklahoma to Garland, Texas to purchase a 2003 Honda Accord being sold by Prolife Auto Garland. Appellees paid $5000 cash for the vehicle after obtaining a loan from their bank. At trial, Castillo testified that she gave Gobezie the money for the car. After they took possession of

the vehicle and returned to Oklahoma, however, appellees did not receive the paperwork to obtain legal title to the vehicle. Appellees traveled six times from Oklahoma to Garland attempting to resolve the title issue. On their last visit to Garland, in March 2015, appellees were given a $5000 check, but the bank refused to cash it. Unable to get their money back or obtain legal title to the car, appellees sued Gudaye Gobezie d/b/a Prolife Auto Garland and others for, among other things, breach of implied warranty to convey legal title and attorney's fees. The matter was tried before the court sitting without a jury.[1] The trial rendered a judgment in favor of appellees, awarding them $5000 in damages and $5100 in attorney's fees. Gobezie filed this appeal.

## ANALYSIS

### A.    Legal and Factual Sufficiency

Gobezie contends the evidence is legally and/or factually insufficient to support the damages awarded against her because (a) there is no evidence connecting her or Prolife Auto Garland to appellees' car purchase, (b) collateral estoppel precludes a liability finding against Gobezie, and (c) the trial court awarded appellees an impermissible double recovery.

Before turning to the merits of her sufficiency complaints, we first address her briefing with respect to her factual sufficiency challenge. Although Gobezie's stated "issue" purports to challenge the legal and factual sufficiency of the evidence, her brief contains no argument or legal authority addressing a factual sufficiency challenge. The section of her argument entitled "standard of review" under this issue cites three Texas Supreme Court cases, all addressing legal sufficiency.[2] Finally, in her prayer for relief, Gobezie requests that we render judgment in her favor, a remedy available only in the context of a legal sufficiency challenge. *See Elias v. Mr.*

---

[1] Gobezie was the only defendant at trial as appellees were unable to effectuate service on defendant Zerayakob Micael and previously filed a nonsuit with respect to defendant Getenet Berhanu.

[2] She also mistakenly identifies rules 43.3 and 60.2 of the Texas Rules of Appellate Procedure addressing judgments in the court of appeals and the Texas Supreme Court, respectively, as Texas Rules of Civil Procedure 43.3 and 60.2.

*Yamaha, Inc.*, 33 S.W.3d 54, 59 n.6 (Tex. App.—El Paso 2000, no pet.). To present an issue to this Court, a party must present a concise argument for the contention made with appropriate citations to authorities and the record. *See* Tex. R. App. P. 38.1(i). When a party fails to provide any argument to support a stated issue, she presents nothing for us to review. Because Gobezie has failed to provide us with any argument, analysis, or authority in support of her factual sufficiency challenge, we need not address it. Accordingly, our analysis only addresses Gobezie's legal sufficiency challenges.

Where, as here, findings of fact were not requested by either party, we imply all necessary findings to support the trial court's judgment. *See Shields Ltd. P'ship v. Bradberry,* 526 S.W.3d 471, 480 (Tex. 2017). But when a reporter's record is filed, these implied findings may be challenged for legal and factual sufficiency in the same manner as jury findings or a trial court's express findings. *See Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam). In the absence of findings, we affirm the trial court's judgment if it can be upheld on any available legal theory that is supported by the record. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam).

In analyzing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, crediting evidence favoring the finding if reasonable factfinders could and disregarding contrary evidence unless reasonable factfinders could not. *See Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 770 (Tex. 2010) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 822, 827 (Tex. 2005)). We will uphold the finding if more than a scintilla of competent evidence supports it. *Haggar Clothing Co. v. Hernandez,* 164 S.W.3d 386, 388 (Tex. 2005) (per curiam); *see also City of Keller,* 168 S.W.3d at 810. The final test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller,* 168 S.W.3d at 827. When conducting our legal sufficiency review, we are

mindful that the factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See id*. at 819.

Gobezie argues that the evidence is legally insufficient to support a judgment against her because appellees did not provide any documentation from their bank indicating to whom payment was made for the vehicle. She further contends appellees testified each time they visited the Garland location, they interacted with another individual, while she testified that she was not involved in any of the transactions or even present at the Garland location at any of the relevant times. Finally, she asserts she was not connected to any of the companies listed on the paperwork involved in the transaction, namely – the Buyer's Order for the vehicle identifying the Seller as "Pro Life Garland," the paid invoice naming "Prolife Auto," and the refund check from "Prolife-MJMD."

Our review of the trial record reveals that Castillo identified Gobezie as the person to whom she gave the $5000 for the vehicle and Gobezie counted the money in front of her. She testified that she called the Garland shop and Gobezie told her son over the phone that the title would arrive in six days. Castillo further stated Gobezie was there when appellees picked up the check they were unable to cash. There was an assumed name certificate recorded on July 28, 2014 admitted into evidence showing "Prolife Auto Garland" operating as a general partnership at the location where appellees purchased the vehicle. The owners of the partnership were identified on the certificate as Gobezie and Micael. In fact, Gobezie's daughter testified at trial that Gobezie gave Micael and Berhanu a total of $140,000 "to help us create some income."

As additional evidence of a partnership, appellees introduced into evidence a civil complaint filed by Gobezie against Micael and Berhanu alleging they "convinced her to 'invest' in a new business where the parties would purchase used cars at auction, fix, and resell them at a profit." To that end, Gobezie signed a business formation agreement on July 7, 2014 that was

–4–

attached to her complaint. Although the agreement contemplated the formation of a limited liability company to which Gobezie would contribute $100,000 in exchange for a twenty percent interest, there is no evidence such an entity was ever formed. Instead, two weeks after the agreement was signed, Gobezie executed the assumed name certificate of ownership for Prolife Auto Garland.

Generally, an association of two or more persons to carry on a business for profit as owners creates a partnership, regardless of whether they intended to create a partnership. *See* TEX. BUS. ORGS. CODE ANN. § 152.051(b) (West 2012). Factors indicating persons created a partnership include: right to receive a share of business profits, express intent to become partners, right to participate in control of the business, agreement to share business losses or third party liabilities, and agreement to contribute or contribution of money or property to the business. TEX. BUS. ORGS. CODE ANN. § 152.52(a). Based on the record before us, we conclude a reasonable factfinder could have determined that Gobezie was a partner in Prolife Auto Garland, the business from which appellees testified they purchased the vehicle. As a partner in the general partnership, Gobezie was thus jointly and severally liable for partnership obligations. *See* TEX. BUS. ORGS. CODE ANN. § 152.304. Consequently, the evidence was legally sufficient to establish Gobezie was liable for Prolife Auto Garland's failure to provide title to the vehicle purchased by appellees.

In concluding the evidence is legally sufficient to support a judgment against Gobezie, we necessarily reject her contention that she conclusively established the judgment against her is barred by collateral estoppel.[3] Gobezie's collateral estoppel argument is based on a June 8, 2016 judgment in the lawsuit Gobezie brought against Micael and Berhanu. Among other things, that judgment declared Gobezie not competent to enter into business agreements with Micael and

---

[3] The trial court necessarily rejected Gobezie's collateral estoppel defense when it rendered judgment in favor of appellees.

Berhanu and declared the July 28, 2014 assumed name certificate for Prolife Auto Garland null and void.

Among the necessary elements required to establish collateral estoppel, the proponent must establish the parties (Gobezie and appellees) were cast as adversaries in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994). To satisfy this element, the party against whom the doctrine is asserted in the second action must have been a party or in privity with a party in the first action. *Id*. at 802. "Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Tex. Capital Secs. Mgmt., Inc. v. Sandefer*, 80 S.W.3d 260, 265 (Tex. App.—Texarkana 2002, pet. struck). The privity requirement is satisfied when the party sought to be bound by the prior ruling controlled the first action, has their interest represented by a party to the prior action, or derives their claim through a party in the prior action. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 890 (Tex. 1998). There is no privity between Gobezie's alleged business partners, Micael and Berhanu, and appellees, third parties who purchased a vehicle from the business. Accordingly, collateral estoppel did not preclude a judgment in appellees' favor.

Under this issue, Gobezie also argues the trial court impermissibly gave appellees a double recovery when it awarded them $5000 in damages without ordering them to return the vehicle. A double recovery exists when a plaintiff is awarded more than one recovery for the same injury. *Waite Hill Servs. Inc. v. World Class Metal Works, Inc*., 959 S.W.2d 182, 184 (Tex. 1998) (per curiam). Here, the trial court judgment simply awarded appellees $5000 as actual damages without specifying the cause of action upon which it was granting relief. Underlying Gobezie's argument is her assumption that the $5000 damages award in appellees' favor represented damages for rescission. However, it appears the trial court award is sustainable based on their claim for breach

of implied warranty, including consequential damages for their lost wages. In fact, despite appellees' offer at trial to make arrangements to bring the car back, there is nothing in the record to indicate Gobezie accepted their offer. Moreover, at the time judgment was rendered, the vehicle had no legal title. There was also testimony at trial that both appellees had lost six days of work travelling to Garland in an effort to resolve the title issue.[4] When the title issue was not resolved and the temporary tags expired, Castillo testified she could no longer use the vehicle to get to work and lost her job. Based on the record before us, Gobezie has not established appellees obtained a double recovery. We resolve Gobezie's first issue against her.[5]

### B. Attorney's Fees

In her second issue, Gobezie argues that the trial court erred in awarding appellees attorney's fees because they failed to obtain a finding on any cause of action that authorizes such a recovery. We disagree. As previously stated, when findings are not requested or filed in a bench trial, we imply all necessary findings to support the trial court's judgment. *See Shields Ltd. P'ship,* 526 S.W.3d at 480. Here, appellees pleaded a claim for breach of implied warranty to convey legal title and the trial court impliedly found such a breach to support its $5000 damage award. Moreover, appellees sought only the economic damages they suffered as a result of Gobezie's failure to provide them with title to the vehicle they purchased. Such a claim sounds in contract. *See JCW Electronics, Inc. v. Garza*, 257 S.W.3d 701, 704–05 (Tex. 2008). Accordingly, attorney fees were proper under section 38.001(8) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015); *Howard Indus. Inc. v. Crown Cork &*

---

[4] Castillo and Valeriano testified they each worked 40 hours per week and stated their hourly wages as $9 per hour and $16 per hour, respectively.

[5] Assuming it was properly presented for our review, we would also conclude Gobezie's factual sufficiency lacked merit. For factual sufficiency challenges, we consider and weigh all of the evidence, setting aside the verdict only if the supporting evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). Reviewing the record under the appropriate standard, we cannot conclude that the evidence supporting the judgment against Gobezie is factually insufficient.

–7–

*Seal Co., LLC*, 403 S.W.3d 347, 352 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (affirming attorney's fees award after determining breach of implied warranty claim seeking only economic damages qualified as a contract claim for purposes of 38.001(8)). We resolve Gobezie's second issue against her.

## CONCLUSION

We conclude that both of Gobezie's issues are without merit. Accordingly, we affirm the trial court's judgment.

160841F.P05

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GUDAYE GOBEZIE, Appellant

No. 05-16-00841-CV      V.

SANDRA CASTILLO AND JORGO
VALERIANO, Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-03934
Opinion delivered by Justice Evans,
Justices Francis and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Sandra Castillo and Jorgo Valeriano recover their costs of
this appeal from appellant Gudaye Gobezie.


Judgment entered this 26th day of February, 2018.